**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and RICARDO MEJIA**

**JOINT DEFENSE MOTION**
**FOR DISCLOSURE OF THE IDENTITY**
**OF THE INFORMANT OR INFORMANTS**

Now come the defendants, Eudy Tejada-Pichardo and Ricardo Mejia, by and through their counsel, and move that this Honorable Court direct the United States to disclose the identity of the informant or informants who were percipient witnesses in this case, together with the following information:

1. The name, all known aliases and dates of birth of all informants;
2. All prior arrests of the informant or informants, and any convictions resulting from said arrests whether in Rhode Island or any other jurisdiction;
3. All payments or reimbursements made to the informant or informants for expenses while assisting in investigations;
4. All promises, reward or consideration given to the informant or informants including promises of non-prosecution or discussions concerning non-prosecution, as well as promises, rewards, or consideration given to others as a result of the informant's cooperation. See Giglio v. United States, 405 U.S. 150 (1972);

5. Any evidence of the informant or informants' usage of or dependency on alcohol or narcotic drugs.

6. Any other promises, rewards or consideration given to other people as a result of the cooperation/assistance of the informant.

The defendants assert that the informant or informants referenced by the police and agents in this case were intimately involved in the possession of the cocaine and the firearm seized at the time of the defendants' arrest. Accordingly, the identities of these informants must be disclosed to permit the defendant to properly assess the government's evidence, and to prepare for trial. Defendants rely on the accompanying memorandum in support of this motion.

RICARDO MEJIA
By his attorney,

/s/Mary S. McElroy
MARY S. MCELROY
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528-4281
Mary_McElroy@fd.org

EUDY TEJADA-PICHARDO
By his attorney,

/s/ Thomas G. Briody
THOMAS G. BRIODY
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Providence, RI 02903
(401) 751-5151
Tbriodylaw@aol.com

CERTIFICATION

The undersigned certifies that on this 8th of March, 2007, a true copy of this motion was filed electronically via the US District Court ECF system and was thereby transmitted to Sandra Beckner, Assistant United States Attorney, Bank of America Center, Providence, RI 02903.

/s/ Mary S. McElroy

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**v.s.** **CR07-005-S**

**EUDY ANTONIO TEJADA-PICHARDO**
**and RICARDO MEJIA**

**MEMORANDUM IN SUPPORT**
**OF JOINT DEFENSE MOTION FOR DISCLOSURE**
**OF IDENTITY OF INFORMANT OR INFORMANTS**

The defendants, Eudy Antonio Tejada-Pichardo and Ricardo Mejia have been indicted for conspiracy and possession with intent to deliver more than 500 grams of cocaine. In addition Mr. Mejia has been indicted for possession of a firearm in furtherance of a drug trafficking crime. The indictment arises from a government "sting" operation in which a government informant solicited the purchase of cocaine from the defendants. A woman identified as "Marie Perez" acted as a go-between for the defendants and the informant. Ms. Perez's voice appears in several recorded conversations produced to the defense in discovery materials. Ms. Perez was present at the scene of the alleged delivery and the subsequent arrest of the defendants. All of the recorded conversations are in the Spanish language.

To date the government has not identified the informant. It has also refused to provide contact information for Ms. Perez. The government has offered to produce Ms. Perez for an interview at the United States Attorney's Office. The government refuses to say whether Ms. Perez was cooperating with the authorities at the time of the "sting," and

states that it does not intend to call Ms. Perez as a witness at trial. The government has stated that it has fulfilled its discovery obligations with respect to Ms. Perez.

Both defendants face severe penalties. Mr. Tejada-Pichardo faces a potential mandatory minimum sentence of five years in prison. Mr. Mejia faces five years for the cocaine and a consecutive five year sentence for possession of a firearm for a mandatory minimum total of ten years in prison.

These defendants ask that this honorable court compel the government to

1. disclose the identity of the informant or "cooperating witness" who posed as a buyer of cocaine;
2. disclose whether a woman who is identified in discovery materials as "Marie Perez" was also working as an informant/cooperating witness in connection with this investigation, and whether she worked on her own behalf or on behalf of another; and
3. disclose Brady, Giglio and any impeachment information about the informant or informants that is known by the government or reasonably available to the government prosecutor with the exercise of due diligence.

**Standard of Review**

A defendant's request for disclosure of the identity of an informant is governed by the provisions of Roviaro v. United States, 353 U.S. 53 (1957). A criminal defendant is entitled to know the identity of an informant if the informant was a percipient witness to or directly involved in the criminal transaction. Id at 62. In the Roviaro case the United States Supreme Court set limits on the so-called informer's privilege, holding that

"[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61. The Supreme Court elaborated that "[t]he government's privilege to withhold the names of informers must give way if 'the government's informer was the sole participant, other than the accused, in the transaction charged . . . [and] was the only witness in a position to amplify or contradict the testimony of government witnesses.' United States v. Bibbey, 735 F.2d 619, 621 (1st Cir. 1984) (quoting Roviaro, 353 U.S. at 64).

**Argument**

In this case the confidential informant was the only person in the car with Mr. Tejada-Pichardo at the time of the arrest. He was the sole participant in the activities that took place in that vehicle immediately prior to the arrest of the defendant. Similarly, he was the only participant in several telephonic contacts with Ms. Perez while alleged drug delivery was negotiated and arranged. The government's privilege to protect the informant from disclosure must therefore give way. The government's purpose in withholding the information is no longer stronger than the defendants' right to investigate and properly prepare their case.

With respect to Marie Perez the government has refused to disclose whether or not Ms. Perez was in fact a cooperating witness for the government and has similarly refused to provide any information about her role, contact information or any promises made to her. The government has taken the position that since it has no intention of calling Ms. Perez at trial it is under no obligation to provide any information about her to

the defense. This violates not only the Roviaro rule but also the pretrial order issued in this case as well as the government's obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

The United States has acknowledged in its response to both defendants' requests for discovery, that it is "aware" of its obligations under Brady. Awareness, however, does not appear to equate with compliance. The United States Attorney's office has apparently taken the position that it will comply with Brady and Giglio on its own timetable, or when specifically ordered to do so by this court. Defendants are expected to make decisions about the strength of the government's case without full disclosure of exculpatory evidence. The discovery materials establish that Ms. Perez was the only occupant, other than Mr. Mejia, in the car that contained the firearm at the time of the arrest. She was the driver of that vehicle and the firearm was found behind the driver's seat. Ms. Perez brokered the 'deal' between the defendants and the confidential informant. Finally, she was the sole participant in several phone calls with the informant and in several alleged phone calls with Mr. Tejada-Pichardo. Disclosure of information relating to Ms. Perez is necessary under Roviaro. It is not only "relevant and helpful to the defense" but also "essential to a fair determination" of the facts surrounding the government "sting." Id at 60-61.

The unnamed confidential informant and Ms. Perez acted as more than mere tipsters and in fact instigated the series of events that led to the arrests of Mr. Tejada-Pichardo and Mr. Mejia. See United States v. Martinez, 922 F.2d 914, 920-21 (1st Cir. 1991). The Court of Appeals for the Eighth Circuit has observed that "[w]here the witness is an active participant ... disclosure will almost always be material to the

accused's defense." United States v. Barnes, 486 F.2d 776, 778-79 (8th Cir 1973).

It is clear that the activities of Ms. Perez and the unnamed confidential informant will play a significant role at trial. It is essential to a fair and just process that the United States provide any information that tends to call either of the informants' credibility into question, and to do so in a timely manner so that the defendants may properly investigate, evaluate the strength of the government's case, and prepare for trial.

Accordingly, the defendants ask that this motion be granted and that the government provide all information sought in this motion.

RICARDO MEJIA
By his attorney,

/s/Mary S. McElroy
MARY S. MCELROY, 4830
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528-4281
Mary_McElroy@fd.org

EUDY TEJADA-PICHARDO
By his attorney,

/s/ Thomas G. Briody
THOMAS G. BRIODY
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Providence, RI 02903
(401) 751-5151
Tbriodylaw@aol.com

CERTIFICATION

The undersigned certifies that on this 8th of March, 2007, a true copy of this motion was filed electronically via the US District Court ECF system and was thereby transmitted to Sandra Beckner, Assistant United States Attorney, Bank of America Center, Providence, RI 02903.

/s/ Mary S. McElroy