**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 07-005S** |
| | ) | |
| **EUDY ANTONIO TEJADA PICHARDO** | ) | |
| **and** | ) | |
| **RICARDO MEJIA** | | |

---

**JOINT DEFENSE REPONSE TO GOVERNMENT'S MOTION FOR MISCELLANEOUS RELIEF**

The government has filed a motion for Miscellaneous Relief from an Order entered by the Court on March 28, 2007. Citing alleged safety concerns and a "threat" to ongoing law enforcement investigations, the government asks the court to permit it to control the process of obtaining telephone records by issuing its own subpoena pursuant to F.R.Cr.P. 17(c) and then redacting those records before providing them to the defense. The government also cites a ruling by Judge Torres sealing "the sentencing" of the sub-informant's family member, and seeks "clarification" of its obligations pursuant to the March 28 order. The defendants object, and ask that the court deny the government's motion.

Telephone Records

The government has previously argued that the defense request for telephone numbers and service providers constitutes a fishing expedition. The government also argued that the safety of the sub-informant could be jeopardized by compliance with the court's order. The government now seeks to avoid compliance by restating that argument and adding that the safety of agents might also be jeopardized. The government's newest claim is unsupported by any

concrete evidence of a threat to the sub-informant, the agents, or any pending investigation.

The government's request is little more than an effort to seek reconsideration of the court's ruling. It also unfairly impedes the right of the defendants to conduct their own investigation. There is no privilege enjoyed in cellular telephone records, either by law enforcement agents or the sub-informant. The government is simply seeking to control—to whatever extent the court will permit—access to information by the defense.

Court Docket Information/Subinformant

The government raised the specter of informant safety yet again when it posed its original objection to the information sought concerning the case docket number and family relationship of the person the subinformant assisted. Now the government states that the "sentencing" of the informant's family member was sealed, and that is the real reason it refuses to provide the information.

While it is possible, if not likely, that the transcript of the sentencing hearing of the subinformant's family member was sealed, the government can easily comply with the Order entered by this court. The defendants are seeking docket information and the identity of a defendant. The government does not indicate that docket information is sealed. Nor is it likely that an order sealing a transcript can reasonably be construed as a gag order on the government prosecutor concerning the familial relationship. Once again, the government's request for clarification appears to be a thinly veiled attempt to obtain reconsideration and restriction on the defendant's right to information.

Defendants note that the government's compliance with this order continues to be vague and unhelpful. In response to the court's order to produce information about the defendant's non-law enforcement related employment, the government has written that the defendant worked

for a "mortgage company," without providing any further identifying information. Similarly, the government has produced a blank informant/cooperating witness agreement, but has not produced copies of the agreements actually signed by the primary informant and the subinformant.[1] These continued efforts to delay and the defendants' investigation violates the spirit, and perhaps the letter of the court's March 28 order.[2]

Discovery and production of exculpatory evidence should not be a game. This court should deny the government's motion for miscellaneous relief and order compliance with the March 28 Order immediately.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (fascimile)
Tbriodylaw@aol.com

/s/ Mary S. McElroy
R.I. Bar no. 4830
Assistant Federal Defender
10 Weybosset Street
Suite 300
Providence, RI 02903
(401) 528-4281
mary_mcelroy@fd.org

1 The court March 28 Order does not address this request, which was made in defendant's Joint Motion for Exculpatory Evidence, request 6 and request 12.

2 Defendant Tejada has written to the government seeking the name and address of the defendant's "mortgage company" employer.

**CERTIFICATION**

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on April 2, 2007.

/s/ Thomas G. Briody