**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**v.s.** **CR07-005-S-2**

**EUDY ANTONIO TEJADA-PICHARDO**
**and**
**RICARDO MEJIA**

# MOTION TO SUPPRESS DEFENDANT'S STATEMENT

Now comes the defendant, Ricardo Mejia, and moves this Honorable Court pursuant to Rule 41 of the Federal Rules of Criminal Procedure to suppress as evidence the statement he was alleged to have given to the police upon his arrest on December 18, 2006. In support of this motion Mr. Mejia asserts that the statement was not voluntary as it was not the product of a knowing and intelligent waiver of his Miranda rights. The defendant hereby incorporates by reference the attached Memorandum of Law In Support of Motion to Suppress.

Respectfully submitted
Ricardo Mejia
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
Mary_McElroy@fd.org

## CERTIFICATION

I hereby certify that I electronically filed and served a copy of the within on Sandra Beckner, AUSA on the 15th day of June 2007.

/s/ Mary S. McElroy

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**v.s.** **CR07-005-S-2**
**EUDY ANTONIO TEJADA-PICHARDO**
**and**
**RICARDO MEJIA**

## MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS STATEMENT

Defendant, Ricardo Mejia, has moved to suppress the statements allegedly made by him to law enforcement agents on December 18, 2006. The government bears the burden of proving that the defendant, who was interrogated while in custody, was given the required warnings and validly waived his rights under *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602 (1966). The government also has the burden of proving that those statements were voluntarily given. Mr. Mejia alleges that the statements attributed to him were obtained in violation of his constitutional rights.

## FACTS

For approximately one month prior to December 18, 2006 federal Drug Enforcement Administration (DEA) agents utilized two confidential informants to contact Mr. Tejada-Pichardo (the co-defendant) in order to arrange for the delivery of a quantity of powder cocaine. Beginning on December 11, 2006, DEA agents began recording phone calls from the informants to Mr. Tejada-Pichardo. During the course of several phone calls the confidential informants made arrangements to purchase several kilograms of cocaine.

On December 18, 2006 Mr. Mejia arrived in Providence with Mr. Tejada-Pichardo. Shortly after their arrival in Providence both men were arrested along with the female informant.

The initial moments of the defendant's arrest were also recorded.

According to the DEA report of investigation provided by the government in this case, Mr. Mejia was detained at gunpoint and transported to the Providence Police station. Mr. Mejia was thereafter given a Spanish language "rights" form. That form contains what purports to be a Spanish language translation of the Miranda warnings. According to the DEA summaries Mr. Mejia signed the form and was interrogated. Mr. Mejia was interrogated by Providence Police Detective Perez in the presence of Special Agent Naylor. This interrogation was not recorded.

The DEA report of investigation contains a summary of Special Agent Naylor's recollection of Mr. Mejia's remarks. These statements were not reduced to a written statement and Mr. Mejia was not asked to sign the statement.

## ARGUMENT

The Supreme Court has held that defendants in custody must be informed of their constitutional rights and validly execute a waiver of those rights before any statement can be introduced against them at trial. "The *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 300, 64 L. Ed. 2d 297, 100 S.Ct. 1682 (1980).

In this case, according to the DEA summary of the investigation, Mr. Mejia was detained at gunpoint. He was thereafter brought to the Providence Police Station and questioned. It is clear from these facts that Mr. Mejia was interrogated while in custody and was therefore entitled to the safeguards provided for by Miranda and its progeny.

In order to admit statements made by defendants, the government bears the burden of proving that the defendants statement was made after a knowing, intelligent and voluntary waiver

of his rights. *See United States v. Rojas-Tapia*, 446 F.3d 1, 4 (1st Cir. 2006).

> The relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. . . The waiver [also] must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.

*Id*. citing *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed. 2d 410 (1986). A suspect voluntarily waives his rights when he does so freely without coercion, intimidation or deception. *Id.* A knowing and intelligent waiver flows from the individual's understanding and appreciation of his rights and the consequences of the waiver. *Id*.

18 U.S.C. §3501(b) provides a non exclusive list of factors that the court must consider in determining the issue of voluntariness before admitting a statement of a criminal defendant. The voluntariness test takes into account the totality of the circumstances surrounding the alleged waiver. 18 U.S.C. §3501. *See*, *Dickerson v. United States*, 530 U.S. 428 (2000).

The government agent questioning a criminal defendant must do more than simply inform the defendant of his rights. "Merely asking the accused whether he understood his rights does not satisfy the duties of an interrogating officer or make any statement the accused might make admissible. *Miranda* requires the interrogating officer to go further and make sure that the accused, knowing his rights, voluntarily relinquishes them." *United States v. Porter*, 764 F.2d 1, 5 (1st Cir. 1985) *citing United States v. Christian*, 571 F.2d 64 (1st Cir. 1978).

The fact that Mr. Mejia spoke to the police does not create a presumption that he made a knowing, intelligent and voluntary waiver of his constitutional rights. Mr. Mejia asserts that the statements attributed to him were obtained in violation of his constitutionally guaranteed rights. Because the court has not yet heard the evidence on the matter, defendant cannot now make his final

argument and would reserve the right to file a post hearing memorandum to supplement his arguments.

Respectfully submitted
Ricardo Mejia
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
Mary_McElroy@fd.org

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within on Sandra Beckner, AUSA on the 15th day of June 2007.

/s/ Mary S. McElroy