**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **CR 07-005S** |
| **EUDY TEJADA-PICHARDO a/k/a** | : | |
| **Enoc Soto and** | : | |
| **RICARDO MEJIA** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO SUPPRESS STATEMENTS**

The defendants claim that their waiver of their Fifth Amendment rights was involuntary and that as a result, their subsequent statements are inadmissible. There is no merit to the defendants' argument.

**FACTS**

On December 18, 2006, defendants, Eudy Tejada-Pichardo and Ricardo Mejia, were arrested while attempting to sell 2 kilograms of cocaine to a confidential informant working in conjunction with the Drug Enforcement Administration (DEA). A second informant introduced the latter informant to the defendants. In addition to cocaine, agents seized a .45 caliber pistol with an obliterated serial number from the second informant's car. A search of defendant Tejada-Pichardo's vehicle produced a drug ledger. Defendants were advised of their Miranda rights in Spanish on the scene and instructed not to speak.

Defendants were transported to the Providence Police station where they were read their rights in Spanish for the second time. During this rights advice, Providence Police Detective Andre

Perez presented defendants with a Spanish rights waiver form. He asked the defendants if they could read and they replied that they could. Detective Perez nonetheless read to the defendants each numbered statement of the waiver form. Defendants were asked to initial after each statement if they understood and they initialed and signed the waiver form.

Having waived their rights, defendants were interviewed by Detective Perez and Special Agent Michael Naylor. During the interview, defendant Mejia admitted he acted as a bodyguard to defendant Tejada-Pichardo in what he assumed to be a drug deal. Mejia further stated that Tejada-Pichardo gave him the gun at McDonald's and that he placed the firearm under the seat of a second informant's vehicle. Mejia also offered to cooperate with the DEA as an informant. Tejada-Pichardo, answering to the alias Enoc Soto at the time, stated he was only making $500 from the cocaine deal. Both interviews were concluded within two hours of the defendants' arrest.

**ARGUMENT**

In the case of a challenge to the voluntariness of the defendant's consent, an admission is considered voluntary unless the "'will of the defendant [was] overborne so that the statement was not his free and voluntary act.'" United States v. Jackson, 918 F.2d 236, 241 (1st Cir. 1990). "After assessing the totality of the circumstances attending a defendant's confession, see,

e.g., 18 U.S.C. § 3501(b), [the Circuit Court] will affirm the denial of a motion to suppress provided the government proved, by a mere preponderance of the evidence, that there was a valid waiver." United States v. Rojas-Tapia, 446 F.3d 1, 5 (1st Cir. 2006); United States v. Palmer, 203 F.3d 55, 62 (1st Cir. 2000). Factors to be considered in determining voluntariness include age, education, experience, intelligence, and knowledge of rights. See United States v Coraine, 198 F.3d 306, 309 (1999) (assessing voluntariness in the context of consent); see also United States v. Barnett, 989 F.2d 546, 555 (1993).

In interpreting the mandate from Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court stated, "[a]n express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver but is not inevitably either necessary or sufficient to establish waiver." See North Carolina v. Butler, 441 U.S. 369, 373 (1979). "The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case." Id.

In proving the validity of a waiver of Fifth Amendment rights, the government need only demonstrate so by a "mere preponderance of the evidence". Rojas-Tapia, 446 F.3d at 5. Neither the Supreme Court nor the First Circuit has ever held that a written waiver of rights or a recording of the confession

is necessary to prove that the waiver was voluntary. See United States v. Cardenas, 410 F.3d 287, 296 (5th Cir. 2005); United States v. Miggins, 302 F.3d 384, 397 (6th Cir. 2002); United States v. Turner, 926 F.2d 883, 888 (9th Cir. 1991); see also United States v. Saenz, 474 F.3d 1132, 1136-37 (8th Cir. 2007) (consent can be written or oral); United States v. Montgomery, 390 F.3d 1013, 1017 (7th Cir. 2004) (refusing to require that interrogations be recorded). Not only is it unnecessary that the waiver be tape-recorded or in writing, the waiver need not even be express; in fact, a waiver of Fifth Amendment rights may be implied from the circumstances. See Bui v. DiPaolo, 170 F.3d 232, 240 (1st Cir. 1999) (discussing express and implied waivers of the Fifth Amendment); United States v. Smith, 218 F.3d 777, 781 (7th Cir. 2000) ("waiver may be inferred from the defendant's conduct, even when she has refused to sign a waiver form"). Lastly, a defendant's familiarity with the criminal justice system may also weigh in favor of finding a voluntary waiver. Rojas-Tapia, 446 F.3d at 8.

In the present case, though the actual proceedings were not tape-recorded, both defendants expressly waived their Fifth Amendment rights by signing a rights waiver form. The waiver was in Spanish, the defendants' native language, and the defendants indicated their comprehension and willingness to waive by affixing their initials after each element of the form.

Furthermore, Detective Perez served as a translator during the waiver process and the interview so as to facilitate the defendants' understanding of the proceedings.

In addition to the officers' attention to the defendants' possible language difficulties, both Tejada-Pichardo and Mejia have had prior experience with the criminal justice system. Mejia even went so far as to propose his cooperation with DEA as an informant. All of these facts evince the defendants' understanding of their rights and the voluntariness of their confessions.

**CONCLUSION**

Defendants have failed to demonstrate any coercive or improper conduct by officers that adversely affected their ability to make an informed and voluntary waiver of their rights. Consequently, defendants' motion to suppress statements should be denied.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

On June 22, 2007, I caused the within "Government's Response to Defendants' Motion to Suppress" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Law Offices of Thomas G. Briody
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903

Ms. Mary McElroy
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov