UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| United States of America<br>Plantiff | : | |
| vs | : | CR No. 07-005S |
| Eudy Antonio Tejada Pichardo<br>and<br>Ricardo Mejia<br>Defendants | : | |

**ORDER**

Defendants Eudy Tejada-Pichardo aka Enoc Soto ("Tejada") and Ricardo Mejia seek the suppression of post-arrest statements they made to investigating officers during an interrogation. They claim that suppression is warranted because the officers never obtained a valid waiver of their Miranda rights and because the statements were a product of unfairly coercive deception, and were therefore involuntary. For the following reasons, the motion to suppress is DENIED.

I.

Tejada and Mejia were arrested outside of a MacDonald's restaurant on the evening of December 18, 2006 for attempting to sell two kilograms of cocaine to a confidential informant working with the Drug Enforcement Agency ("DEA"). At the time of the defendants' arrest, the confidential informant and an additional informant were present at the restaurant and, to preserve their confidentiality, were

arrested as well. In addition to the cocaine, the arresting agents seized a .45 caliber pistol and a drug ledger. The defendants were orally advised of their Miranda rights in Spanish on the scene and instructed not to speak.

No statements were made during the car ride back to the Providence Police station, and at the station the defendants were placed in holding cells and again read their rights in Spanish. During this rights administration, Detective Andre Perez, a native Spanish speaker, presented defendants with a "Spanish rights waiver form."[1] He asked the defendants if they could read and they both replied affirmatively. Perez nevertheless read the rights in Spanish to defendants and asked them if they understood each right; after acknowledging that they understood the rights, defendants initialed after each right and signed the bottom of the form. Thereafter, officers began to interview each defendant and, during the interview, each defendant made the incriminating statements that form the basis of this suppression motion.

II.

Defendants first assert that the officers never obtained a valid waiver of their Miranda rights because the "rights waiver form" that they signed contained no explicit waiver clause and they never

[1]The government's identification of this form as a "rights waiver form" is misleading. As was made obvious at the hearing, the form merely asserts the Miranda rights without offering any clear concomitant "waiver" section. See, e.g., United States v. Christian, 571 F.2d 64, 66 n.3 (1st Cir. 1978).

affirmatively stated that they intended to waive their rights. Courts "must presume that a defendant did not waive his rights" and it is the government's burden to prove that a waiver occurred. North Carolina v. Butler, 441 U.S. 368, 373 (1979). Nevertheless, it is well established that "an express waiver is not invariably necessary to support a finding that [a] defendant waived [his rights]." Bui v. DiPaolo, 170 F.3d 232, 240 (1st Cir. 1999); see also Butler, 441 U.S. at 373 ("[W]aiver can be clearly inferred from the actions and words of the person interrogated."). Instead, defendants can, in certain circumstances, impliedly waive their Miranda rights.[2] See, e.g., United States v. Garcia, 983 F.2d 1160, 1169 (1st Cir. 1993); see also Bui, 170 F.2d at 240 (cataloguing examples of implied waivers). Although the question of whether an implied waiver occurred must be determined on "the particular facts and circumstances surrounding

---

[2]The logic of this rule helps explain why the defendants' main case, United States v. Porter, 764 F.2d 1 (1st Cir. 1985), does not control. There, the defendant had asserted his right to counsel after being advised of his Miranda rights. Police officers continued to question him and he answered their questions with incriminating statements. It is true that the court held that "Miranda requires the interrogating officer to go further and make sure that the accused, knowing his rights, voluntarily relinquishes them," id. at 7, but this conclusion must be viewed in context - the defendant had invoked his right to counsel, rendering any further questioning by the officers without an explicit waiver a Fifht Amendment violation. In other words, the court's conclusion was essentially a determination that under the totality of the circumstances the defendant had not impliedly waived his rights. Reading Porter in absolute terms (as requiring officers to unfailingly obtain an express waiver) would quite clearly vitiate the Supreme Court's own recognition in Butler that a defendant may, in certain circumstances, impliedly waive his Miranda rights.

th[e] case, including the background, experience and conduct of the accused," United States v. Velasquez, 626 F.2d 314, 320 (3d Cir. 1980) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)), it bears noting that a defendant's willful decision to answer questions after having been fully and adequately advised of his Miranda rights "is sufficient to constitute an implied waiver under Butler." See Velasquez, 626 F.2d at 320.

Here, there is no question that the defendants were fully advised of their rights and that they understood them. They were twice orally advised of their rights in Spanish, initialed after each right on a Spanish rights form and signed the bottom of the form as well. There is also no question that, after having been fully advised of their rights, they decided not to invoke them and instead, apparently willingly, answered questions put to them by the investigating officers.[3] This set of circumstances fits comfortably within the doctrine of implied waiver. See Bui, 170 F.3d at 240-41. Accordingly, because the defendants had been fully informed of their rights and because they declined to invoke them, their willingness to answer questions operates in this case as an implied waiver, and

---

[3]Defendants' statements were not recorded by audio or video recording device (in fact, Agent Naylor testified that a recorder was not available in the room in the Providence Police Station where the interview was conducted and did not attempt to locate one). Nevertheless, at no time have the defendants claimed that they did not make the statements attributed to them. Their argument in this motion revolves solely around the claimed violations of Miranda.

thereby satisfies the government's burden to prove that the statements were obtained constitutionally. Accord United States v. Cardwell, 433 F.3d 378, 389-90 (4th Cir. 2005) ("Because [the defendant] had been fully informed and indicated his [understanding] of his Miranda rights, his willingness to answer [an agent's] question is as clear an indicia of his implied waiver of his right to remain silent as we can imagine."); Velasquez, 626 F.2d at 320 (same).

Defendant Tejada next argues that the arrest of one of the confidential informants (CI) and her appearance in custody impermissibly coerced him into making the incriminating statements. Tejada contends that he and the CI were engaged in a romantic relationship, that the police knew about it and that they arrested her in order to coerce Tejada into making the statements.

A statement or confession will not be considered voluntary, and therefore must be suppressed, if "the will of the defendant was overborne so that the statement was not his free and voluntary act." United States v. Jackson, 918 F.2d 236, 241 (1st Cir. 1990) (quoting Bryant v. Vose. 785 F.2d 364, 367-68 (1st Cir. 1986)). A court's determination of voluntariness must be viewed under the totality of the circumstances, and turns on a number of factors including "age, education, experience, intelligence, and knowledge of the right to withhold consent." United States v. Coraine, 198 F.3d 306, 309 (1st Cir. 1999). Although certain police tactics (usually those subjecting the defendant to direct threats or promises) may rise to the level of

impermissible coercion, see Lynumn v. Illinois, 372 U.S. 528, 534 (1963), it is clear that trickery, even including the threat to prosecute a defendant's girlfriend, will not automatically compel suppression. See, e.g., Jackson, 918 F.2d at 242 (distinguishing Lynumn). There is no indication here that the officers made any explicit or implicit threats to Tejada, or that they even threatened to prosecute his girlfriend (the only allegation is that they appeared to arrest her). Without more, it simply cannot be said that the tactics employed were sufficiently coercive so as to impermissibly compel Tejada to make his statements. Cf. Johnson v. Trigg, 28 F.3d 639, 644 (1st Cir. 1994). Simply because law enforcement tactics are clever, or involve some degree of trickery does not make them coercive. As long as officers stay inside the bound markers (e.g., no coercive tactics; abiding by Miranda, etc.) such moves are fair play.

III.

Based upon the foregoing, the defendants' motion to suppress is DENIED.

It is so Ordered.

Enter:

WESmith

William E. Smith
United States District Judge
Date: 7/30/07