**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR No.07-05-S**

**EUDY ANTONIO TEJADA-PICHARDO**
**and**
**RICARDO MEJIA**

---

**MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE**

Now comes the defendant, Ricardo Mejia, by and through his attorney and moves this honorable court to enter an order precluding the government from admitting any evidence of prior bad acts of the defendant at trial, and from mentioning such alleged acts in opening statement, summation or during any other part of the trial. Defendant states that the government has served notice of its intention to introduce evidence at trial that "[o]n October 20, 2005, the defendant, Ricardo Mejia, possessed with intent to distribute heroin in Lawrence, Massachusetts." On August 13, 2007, the government faxed some police reports relating to that arrest to counsel for Mr. Mejia. That case in Lawrence Massachusetts is unadjudicated.

The reports that the government has provided indicate that an unidentified confidential informant made three controlled purchases of a substance alleged to be heroin from a person identified as the defendant. The weights of the substances are not provided. Although the substances were field tested there is no evidence that laboratory testing was performed. As a result of the controlled buys the agents in Lawrence Massachusetts sought and received a search warrant for an address in Lawrence. In that residence they noted seizure of substances alleged to be heroin. That substance was not weighed, or tested according to the reports provided to Mr. Mejia.

The Court of Appeals for the First Circuit has set forth a two-part test to determine if evidence of prior bad acts should be admitted into evidence during trial. First the court must determine if the evidence has special relevance not related to establishing the defendant's propensity to commit crimes. Second, the trial court must perform a Rule 403 balancing test to

determine whether the probative value of the evidence substantially outweighs the danger of unfair prejudice. *United States v. Paniagua-Ramos*, 182 F.R.D. 376 (Puerto Rico 1998) citing; *United States v. Trenkler*, 61 F.3d 45, 52 (1st Cir. 1995); *United States v. Aguilar-Aranceta*, 58 F.3d 796, 798 (1st Cir. 1995); *United States v. Lynn*, 856 F.2d 430, 434 (1st Cir. 1988).

It is anticipated that the government will seek to introduce evidence of Mr. Mejia's prior *arrest* in order to show his knowledge in this case. "When a prior criminal act is relied upon to prove intent or knowledge, similarity between the two events must be shown to establish the threshold requirement of relevance." *United States v. Hernandez-Miranda*, 601 F.2d 1104 (9th Cir. 1979). In this case such similarity does not exist. The transactions in the case the government seeks to introduce involved alleged heroin,[1] the amounts of heroin alleged to be involved appear to be small, although no weight has been provided, the transactions are alleged to be done by Mr. Mejia directly to an unnamed confidential informant. Further, when the police in that case searched the apartment alleged to be that of Mr. Mejia they found suspected heroin. There is no evidence of any testing done on that material. There can be no similarity alleged between the facts set out in the Lawrence case and the allegations in this case where Mr. Mejia is said to have been present to provide protection for a very large delivery of cocaine supposedly arranged by Mr. Tejada-Pichardo and the two confidential informants.

In *Hernandez-Miranda*, 601 F.2d 1104, the defendant was accused of smuggling approximately one pound of heroin across the Mexican border with San Ysidro California. The heroin in that case was found to be in the trunk of the car that Mr. Hernandez-Miranda was driving and which had been purchased by his wife two months earlier. At trial the government introduced evidence that three years earlier Mr. Hernandez-Miranda had been arrested and convicted for smuggling marijuana into the United States from Mexico. In that case he had been convicted of smuggling marijuana across the border while backpacking into the United States. The Court of appeals held that admission of the earlier conviction was error.[2]

---

[1] Although the agent who requested the search warrant states that he field tested the purported drug in that case, no evidence has been provided to indicate if laboratory testing was done and, if it was, the result of that testing.

[2] The court found that the error in that case, where the government made only a brief reference to the prior offense during closing and there was significant other evidence to show the defendant's knowledge and intent, was not prejudicial error.

The *Hernandez-Miranda* court held that;

> To carry its burden of showing relevance within the exception to the general rule of inadmissibility, the Government was required to establish a logical basis from which to infer knowledge of the presence of heroin in the vehicle from evidence that Miranda had smuggled marijuana in a backpack on a prior occasion. That logical thread is missing unless common human experience demonstrates that it is more probable than not that a person who has knowingly smuggled marijuana on his person will know of the presence of contraband concealed in a vehicle. The inference is not permissible because experience does not permit that connection between the two events to be made. Id at 11.

In *United States v. Lynn*, 856 F,2d 430, 436-437 (1st Cir. 1988), the Court of Appeals for the First Circuit reversed a marijuana trafficking conviction in part as a result of the improper admission of the defendant's prior marijuana conviction. In *Lynn* the First Circuit held that "there must be some articulable inference for the jury to draw from the pervious offense other than that the defendant had the bad character and therefore more probably had the intent to commit the crime he is now charged with..." *Id* at 436.

In this case the logical connection is even more tenuous than in either *Lynn* or *Hernandez-Miranda*. The drugs in this case were in a car that Mr. Mejia did not own or control, they were of a different type than in the Lawrence case and his alleged role was very different. In addition there seems to be no similarity of participants between the Lawrence charges and those alleged in this indictment. "The greater the dissimilarity of the two offenses, the more tenuous is the relevance." *Hernandez-Miranda* at 12. The only purpose for which the government could seek to introduce evidence of Mr. Mejia's arrest in Lawrence is for the improper purpose of showing propensity. Because of the dissimilarity between the two arrests, evidence of the Lawrence arrest does not meet the relevance requirement.

Further, allowing the government to introduce evidence related to an unadjudicated arrest would be too prejudicial in violation of Rule 403. Rule 403 of the Federal Rules of Evidence allows for the exclusion of relevant evidence if the probative value of the evidence is substantially outweighed by the potential for "unfair prejudice, confusing of the issues, or misleading the jury." Certainly the evidence of the Lawrence arrest would be far more prejudicial than probative. It's probative value is minimal at best given the fact that the arrest in Lawrence is unadjudicated, involves a completely different drug , on a very different scale, and a very different role alleged by the defendant. Certainly Mr. Mejia, who is presumed innocent of

that arrest, would then seek to introduce evidence to counter the allegations of the Lawrence arrest. That case involves a confidential informant. Mr. Mejia would seek disclosure of the identity of that person. Defense counsel would need time to investigate the Lawrence case and potentially to call witnesses. Certainly the danger of unfair prejudice as well as confusion far outweigh any minimal probative value that the Lawrence arrest could provide.

If the government is permitted to introduce evidence concerning the Lawrence arrest the trial is likely to turn into a mini-trial on the issue of that arrest. It is likely that the issues in this case would be eclipsed by that incident leading to jury confusion. Allowing the government to introduce evidence relating to a pending charge would be unduly prejudicial and would involve a substantial amount of time that would certainly increase the length of trial significantly.

RICARDO MEJIA
By His attorney,

/s/Mary S. McElroy, Esquire
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528-4281
(401) 528-4285 fax
Mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within Motion to be delivered to Sandra R. Beckner AUSA by way of ECF filing on August 23, 2007.

/s/Mary S. McElroy, Esquire