IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-005S |
| | ) | |
| EUDY ANTONIO TEJADA-PICHARDO | ) | |
| a/k/a Enoc Soto and | ) | |
| RICARDO MEJIA | ) | |

GOVERNMENT'S PROPOSED INSTRUCTIONS

The United States of America proposes the attached jury instructions in addition to the general instructions.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney’s Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

On August 24, 2007, I caused the within "Government's Proposed Jury Instructions" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Law Offices of Thomas G. Briody
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903

Ms. Mary McElroy
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CONSPIRACY

Defendants are accused of conspiring to possess with the intent to distribute 500 grams or more of cocaine. It is against federal law to conspire with someone to commit this crime.

For you to find the defendants guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, That the conspiracy charged in the indictment existed between at least two people to distribute and possess with intent to 500 grams or more of distribute cocaine, and

Second, That the defendant willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying

crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.

Even if defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, §§ 4.18.371 & 4.21.841(a)(1) Comment (2).

CONSPIRACY - MINOR PART

A defendant may be convicted as a conspirator even though he may have played only a minor part in the conspiracy.

See Federal Jury Practice and Instructions, Fifth, O'Malley, Grenig & Lee, § 31.05.

KNOWLEDGE OF THE CONTROLLED SUBSTANCE

The government must prove that the offense involved a particular type and quantity of drug, not that the defendant knew that he was distributing or possessing with the intent to distribute the particular drug type and quantity charged.

See United States v. Collazo-Aponte, 281 F.3d 320, 326 (1st Cir. 2002).

POSSESSION WITH THE INTENT TO DISTRIBUTE

Defendants are accused of possessing cocaine on or about December 18, 2006 intending to distribute it to someone else. It is against federal law to have cocaine in your possession with the intention of distributing it to someone else. For you to find each defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that defendant on that date possessed cocaine, either actually or constructively;

Second, that he did so with a specific intent to distribute the cocaine over which he had actual or constructive possession; and,

Third, that he did so knowingly and intentionally.

It is not necessary for you to be convinced that defendant actually delivered the controlled substance to someone else, or that he made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession what he knew was cocaine and that he intended to transfer it or some of it to someone else.

A person's intent may be inferred from the surrounding circumstances. Intent to distribute may, for example, be inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that defendant possessed a

quantity of cocaine — more than that which would be needed for personal use — then you may infer that defendant intended to distribute cocaine. The law does not require you to draw such an inference, but you may draw it.

The term “possess” means to exercise authority, dominion or control over something.

“Possession” includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term “possession” in these instructions, I mean actual as well as constructive possession.

“Possession” also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word “possession” in these instructions, I mean joint as well as sole possession.

If you find defendant guilty, you will also have to answer one or more questions concerning the quantity of the substance involved, which may affect the potential sentence.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.21.841(a)(1).

AID AND ABET

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

First, that someone else committed the charged crime; and

Second, that defendant consciously shared the other person's knowledge of the underlying criminal act, intended to help him, and willfully took part in the endeavor, seeking to make it succeed.

Defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done—that is to say with bad purpose, either to disobey or disregard the law.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.18.02.

POSSESSION OF A FIREARM IN FURTHERANCE
OF A DRUG TRAFFICKING CRIME

Defendant Mejia is accused of possessing a firearm in furtherance of a drug trafficking crime. It is against federal law to possess a firearm in furtherance of a drug trafficking crime. For you to find defendant guilty of this crime, you must be satisfied that the government has proven each of the following things:

First, defendant committed the crime of conspiracy to possess with the intent to distribute or possession with the intent to distribute 500 grams or more of cocaine described in Counts I or II of the indictment; and

Second, defendant knowingly possessed a firearm in furtherance of the commission of that crime.

The word "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident.

A defendant's possession of a firearm is "in furtherance of" a crime if the firearm possession made the commission of the underlying crime easier, safer or faster, or in any other way helped the defendant commit the crime. There must be some connection between the firearm and the underlying crime, but the firearm need not have been actively used during the crime.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.18.924.

CAUTION AS TO COOPERATING WITNESS/ACCOMPLICE

You have heard the testimony of __________. He received money in exchange for his cooperation.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.08.

ENTRAPMENT

Defendant maintains that he was entrapped. A person is entrapped when he is induced or persuaded by law enforcement officers or their agents to commit a crime that he was not otherwise ready and willing to commit. The law forbids his conviction in such a case. However, law enforcement agents are permitted to use a variety of methods to afford an opportunity to a defendant to commit an offense, including the use of undercover agents, furnishing of funds for the purchase of controlled substances, the use of informers and the adoption of false identities. For you to find defendant guilty of the crime with which he is charged, you must be convinced that the government has proven beyond a reasonable doubt that defendant was not entrapped. To show that defendant was not entrapped, the government must establish beyond a reasonable doubt one of the following two things:

One, that the officers or any other government agent did not persuade or talk defendant into committing the crime. Simply giving someone an opportunity to commit a crime is not the same as persuading him, but excessive pressure by the officers or any other government agent or an undue appeal to sympathy can be improper; OR

Two, that defendant was ready and willing to commit the crime without any persuasion from the officers or any other

government agent. In that connection, you have heard testimony about actions by defendant for which he is not on trial. You are the sole judges of whether to believe such testimony. If you decide to believe such evidence, I caution you that you may consider it only for the limited purpose of determining whether it tends to show defendant's willingness to commit the charged crime or crimes without the persuasion of a government agent. You must not consider it for any other purpose. You must not, for instance, convict a defendant because you believe that he is guilty of other improper conduct for which he has not been charged in this case.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 5.06.

EVIDENCE OF DEFENDANT'S PRIOR SIMILAR ACTS

You have heard evidence that defendant previously committed acts similar to those charged in this case. You may not use this evidence to infer that, because of his character, defendant carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding:

(1) Whether defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or

(2) Whether defendant had a motive or the opportunity to commit the acts charged in the indictment; or

(3) Whether defendant was willing to commit the charged crime or crimes without the persuasion of a government agent.

Remember, these are the only purposes for which you may consider evidence of defendant's prior similar acts. Even if you find that defendant may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that defendant committed the acts charged in this case.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.06.