**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR No.07-05-S**

**EUDY ANTONIO TEJADA-PICHARDO**
**and**
**RICARDO MEJIA**

---

**MOTION TO SEVER DEFENDANTS**

Now comes the defendant, Ricardo Mejia, by and through his attorney and moves this honorable court pursuant to Federal Rules of Criminal Procedure 8 and 14 to sever his case from that of his co defendant. In support of this motion Mr. Mejia asserts that his defense and that of his co defendant are antagonistic and that antagonism is "so irreconcilable as to involve fundamental disagreement over core and basic facts." *United States v. Pena-Lora*, 225 F.3d 17, 34 (1st Cir. 2000).

The courts have stated a presumption that criminal codefendants be tried together. *See United States v. Houle*, 237 F.3d 71 (1st Cir. 2001). That presumption is particularly strong in the case of defendants in drug conspiracy cases. *United States v. Soto-Beniquez*, 356 F.3d 1 (1st Cir. 2003). However, that presumption must give way where individual defenses are so antagonistic as to "involve fundamental disagreement over core and basic facts." *Pena-Lora* at 34 (1st Cir. 2000). This case presents one of such basic disagreement.

Defense counsel has recently been advised by counsel for Mr. Tejada that he intends to suggest that the drugs that are the subject of this case were provided by Mr. Mejia. That suggestion is in direct contradiction with Mr. Mejia's mere presence defense. Counsel for Mr. Tejada would, by that suggestion, assume the role of second prosecutor against Mr. Mejia.

In this case if the jury were to believe Mr. Tejada's assertion that Mr. Mejia provided the drugs it would necessarily have to convict Mr. Mejia. Conversely if the jury were to believe Mr. Mejia's mere presence defense it would necessarily have to disbelieve Mr. Tejada's entrapment defense and convict Mr. Tejada. Such extreme antagonism of defenses requires severance. *See*

*United States v. Smith*, 46 F.3d 1223, 1230 (1st Cir.), *cert denied*, 116 S.Ct. 176 (1995).

In a case such as this one where the defenses are extremely antagonistic severance is required in order to afford each party the opportunity to receive a fair trial. Severance of the codefendants in this case does not present a significant burden on either the government or the court as each trial would only take a few days to present.

RICARDO MEJIA
By His attorney,

/s/Mary S. McElroy, Esquire
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528-4281
(401) 528-4285 fax
Mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within Motion to be delivered to Sandra R. Beckner AUSA by way of ECF filing on September 17, 2007.

/s/Mary S. McElroy, Esquire