IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
vs. ) Cr. No. 07-05-02S
)
Ricardo Mejia )

**MOTION FOR A BILL OF PARTICULARS**

Now comes the Defendant, Ricardo Mejia, by and through counsel, and respectfully moves this court to direct the filing of Bill of Particulars.

Mr. Mejia is unable to ascertain from the face of the indictment the nature of the case against him because of the lack of specificity and as such his ability to prepare his defense is impaired. Mr. Mejia moves that the prosecution be ordered to state the following:

A. Count One - Conspiracy:

(1) The exact language, word, or words allegedly used by the defendants which allegedly indicated, or tended to indicate, that they willfully and knowingly agreed to commit the crimes charged in the indictment;

(2) The dates upon which Mr. Mejia and the co defendant Enoc Soto, allegedly committed the charged offense;

(3) The places, including cities, states, street addresses, apartment numbers, or other locations, where Mr. Mejia and Mr. Soto allegedly committed the crimes charged;

(4) The names and addresses of person or persons present or listening when the defendants allegedly committed the crimes charged;

(5) With regard to the allegation of the conspiracy, the following

(a) What other acts, if any, the conspirators committed;

(b) Which conspirators participated in each such act;

(c) What the purpose of the act was;

(d) Where the act was committed;

(e) The date the act was committed;

(f) The names and addresses of witnesses present when the act was committed;

(6) The nature of the act, and the date, time, and place of said act, by which Mr. Mejia first manifested that he was part of the alleged conspiracy.

(7) The time, date, and place of the last act Mr. Mejia is charged with having committed in furtherance of the conspiracy;

B. <u>Count Two – Possession with Intent to Distribute</u>

(1) The time, date, place, including street addresses, cities, states, apartment numbers, and other locations where Mr. Mejia was seen to be in possession of the suitcase alleged to contain the cocaine.

(2) The time, date, place, including street addresses, cities, states, apartment numbers, or other locations where Mr. Mejia was seen to be in the vehicle that contained the suitcase of alleged cocaine, while the cocaine was simultaneously in said vehicle.

(3) The time, date, place, including street addresses, cities, states, apartment numbers, or other locations where Mr. Mejia was seen to be exercising dominion and control over the suitcase alleged to contain cocaine.

(4) The names of the person or persons who observed Mr. Mejia in possession of, or in the same vehicle as, the suitcase allegedly containing cocaine.

(5) The name of the person or persons who observed Mr.Mejia exercising dominion and control over the suitcase allegedly containing cocaine.

The defendant relies on the accompanying memorandum in support of this motion and requests an order of the court directing filing of said Bill of Particulars.

Respectfully Submitted,
Defendant Ricardo Mejia
By his attorney,

/S/ George J. West

George J West, Esq. #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2215
(401)861-9042
(401)861-0330 Fax
Email: GEORGEW180@aol.com

CERTIFICATION

I hereby certify that I caused the filing of the above Motion through the United States District Court for the District of Rhode Island's ECF System be forwarded to Sandra Becker, Esq., A.U.S.A. at Sandra.beckner@usdoj.gov and Thomas G. Briody, Esq. at Tbriodylaw@aol.com on 11/05/2007.

/S/ George J West

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-05-02S |
| | ) | |
| Ricardo Mejia | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR A BILL OF PARTICULARS**

The defendant, Ricardo Mejia, was arrested on December 18, 2006 at the scene of an alleged sale of 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), all in violation of 21 U.S.C. § 846.

**Facts**

The evidence against Mr. Mejia includes transcripts of tape recorded conversations between a DEA informant and Enoc Soto, the co-defendant, whereby they are allegedly discussing the procurement and sale of a quantity of drugs. Mr. Mejia was never recorded in these conversations, nor is the defendant aware of any allegations that he was a party to these conversations. Task Force Agents and Police Detectives involved in the investigation indicated that Mr. Mejia was seen in a Green Toyota Camry which was driven by the co-defendant and arrived at the scene of the alleged drug transaction.

The agents involved in the investigation further indicated that they observed the co-defendant remove a suitcase, allegedly containing the drugs, from a red Chevrolet, also present at the scene of the transaction, which was driven by a female sub-informant. At no time was Mr. Mejia seen in possession of the suitcase, nor was he seen in the same

vehicle as the suitcase containing the suspected drugs. While Mr. Mejia was reportedly briefly in the red Chevrolet, his entry into the automobile was after the suitcase had been removed by the co-defendant and placed into the vehicle driven by the primary informant.

**Argument**

Rule 7(f) of the Fed. R. Crim. P. provides that the court may direct the filing of a bill of particulars upon motion by the defendant. A bill of particulars is utilized to give the accused details of the charges against him in order to, enable him to prepare a defense, to prevent double jeopardy, and to avoid surprise at trial. *United States v. Leach*, 427 F. 2d 1107, 1110 (1st Cir. 1970). Whether to grant a bill of particulars is left to the sound discretion of the court. *Will v. United States*, 389 U.S. 90, 98-99 (1967). A trial judge's decision, as to whether to direct a bill of particulars, is reviewed for abuse of discretion and will only be overturned upon a showing of, "actual surprise at trial or actual prejudice to his substantial rights." *United States v. Pavia*, 892 F.2d 148 (1st Cir. 1989)(citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927).

In the instant case the indictment alleges a conspiracy, "beginning on or about a date unknown to the grand jury and continuing until on or about December 18, 2006." In *United States v. Tomasetta*, the first circuit court of appeals held impermissibly vague a loan sharking indictment which alleged only that the defendant had, "on or about June 10, 1969, at Worcester" extorted the collection of a debt. *United States v. Tomasetta*, 429 F. 2d 978, 979 n. 1 (1st Cit. 1970). The court noted that the indictment failed to specify the name of the victim, the means of the alleged extortion, or the precise location. *Id*. at 980-81. While recognizing that *Tomasetta*, did not establish an inflexible floor of information

required for a valid indictment and that the proper question is whether the indictment as a whole conveys sufficient information to properly identify the allegedly unlawful conduct, *Id*. at 979, the defendant contends that the indictment in this case fails to so properly identify the conduct of Mr. Mejia giving rise to the conspiracy indictment.

The court has consistently held that the essence of a conspiracy is an "agreement to commit an unlawful act." *Ianelli v. United States*, 420 U.S. 770, 773 (1975). Conviction for conspiracy requires proof that the defendant entered into an agreement with another to commit a crime. *United States v. Concerni*, 957 F.2d 942, 950 (1st Cir. 1992). Therefore, in the instant case the government must establish that Mr. Mejia and Mr. Soto entered into an agreement to possess with intent to distribute 500 grams of a mixture and substance containing a detectable amount of cocaine. The agreement in question need not be expressed, but rather "may be implicit in a working relationship between the parties that has never been articulated but nevertheless amounts to a joint criminal enterprise." *United States v. Moran*, 984 FR.2d. 1299, 1300 (1st Cir. 1993).

Although the government need not prove an overt act to establish a conspiracy under 21 U.S.C. § 846, the jury may "infer an agreement constituting a conspiracy from the acts of the parties…indicating concert of action for the accomplishment of a common purpose." *United States v. Delatorre*, 157 F.3d 1205, 1207 (10th Cir. 1998)(quoting *United States v. Carter*, 130 F.3d 1432, 1439 (10th Cir. 1997)). In the matter before the court Mr. Mejia was not recorded in any conversation arranging for the sale of narcotics, nor is he alleged to have been a party to any of these conversations. The government relies on the use of two informants, neither of which implicated Mr. Mejia in the instant transaction. Mr. Mejia became a target of this investigation by virtue of his presence at

the time the transaction was alleged to have taken place. Likewise, there is no direct evidence that Mr. Mejia was ever in possession of the drugs or the suitcase which allegedly contained the drugs. Where the government is not required to prove an overt act, but nonetheless will rely on a series of acts and past conduct to establish concert of action, the defendant is entitled to specific identification of the acts that the governemtn relies upon to establish such proof.

Although, an agreement between Mr. Mejia and Mr. Soto may be established either by evidence of a direct overt agreement, or by circumstantial evidence of an implicit understanding amounting to a joint criminal enterprise, the vagueness of the indictment, as to when Mr. Mejia joined the criminal enterprise or the basis on which the government asserts the existence of an agreement to enter into an illegal activity, undermines Mr. Mejia's Sixth Amendment right to defend. Further, the lack of any indication as to the manner in which the government intends to establish that Mr. Mejia was, either actually or constructively, in possession of the alleged drugs, likewise undermines his Sixth Amendment right to defend. For the foregoing reasons, the defendant, Roberto Mejia, by and through his counsel asks this court to direct a filing of a Bill of Particulars.

Respectfully Submitted,
Defendant Ricardo Mejia
By his attorney,

/S/ George J. West

George J West, Esq. #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2215
(401)861-9042
(401)861-0330 Fax
Email: GEORGEW180@aol.com

CERTIFICATION

I hereby certify that I caused the filing of the above Memorandum through the United States District Court for the District of Rhode Island's ECF System be forwarded to Sandra Becker, Esq., A.U.S.A. at Sandra.beckner@usdoj.gov and Thomas G. Briody, Esq. at Tbriodylaw@aol.com on 11/05/2007.

/S/ George J West