IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-05-02S |
| | ) | |
| Ricardo Mejia | ) | |

**SUPPLEMENT TO MOTION IN LIMINE TO EXCLUDE 404(b)**

Now comes the defendant, Ricardo Mejia, by and through counsel and reasserts his motion requesting this honorable court enter an order precluding the government from introducing any evidence of prior bad acts of the defendant at trial, and from mentioning such alleged acts in opening statement, summation or during any other part of the trial. Defendant states that the government has served notice of its intention to introduce evidence at trial that, "[o]n October 20, 2005, the defendant, Ricardo Mejia, possessed with intent to distribute heroin in Lawrence, Massachusetts." As of this date the case in Lawrence, Massachusetts is still unajudicated. The defendant hereby incorporates by reference the arguments contained in the original Motion to Exclude 404(b) evidence as filed in document 102 on August 23, 2007.

In *Huddleston v. United States,* the supreme court stated that when prior bad act evidence is offered under rule 404(b), protection from unfair prejudice emanates from four sources: "first, from the requirement of Rule 404(b) that the evidence be offered for a proper purpose; second, from the relevancy requirement of Rule 401—as enforced through Rule 104(b); third, from the assessment the trial court must make under Rule 403 to determine whether the probative value of the similar act evidence is substantially outweighed by its potential of unfair prejudice…; and fourth, from Federal Rule of

Evidence 105, which provides that the trial court shall, upon request, instruct the jury that the similar act evidence is to be considered only for the proper purpose for which it was admitted." *Huddleston v. United States*, 485 U.S. 681, 691-692 (1988).

As extrapolated from *Huddleston* in establishing a foundation for admissibility of other crimes evidence, the proponent must rely on admissible evidence. In other words, a Trial Judge must decide that the evidence upon which the proponent relies is admissible against the party who challenges evidence of uncharged misconduct. Although the Trial Judge is allowed to consider inadmissible evidence under Rule 104(a) in making evidence rulings on competency questions, the Trial Judge must use Rule 104(b) when deciding the admissibility of Rule 404(b) evidence. The test under Rule 104(b) is whether there is enough evidence for a reasonable jury to find by a preponderance of the evidence that the other acts occurred as alleged. For the jury to be able to make a finding, it needs admissible evidence.

The government has indicated that it does not intend to introduce evidence of the facts underlying the affidavit and search warrant but only the tangible results of the execution of that search warrant, which was carried out on October 19, 2005. During the execution of the warrant it is alleged that Ricardo Mejia returned to the apartment and was taken into custody and searched. In the police report detailing the execution of the search warrant, also dated 10/19/2005 it is indicated that a search of the defendant led to the seizure of a large plastic baggie which contained a brown powdery substance consistent with that of heroin. Also located in a back bedroom was a small plastic twist of suspected heroin.

A subsequent undated report to the Lawrence District Court, by the investigating officer, indicates Ricardo Mejia is charged with, "Trafficking Class A Heroin Over 100 Grams." This report also indicates that Mr. Mejia was "found to be in possession of a large quantity of suspected heroin, located in his pants pockets…(approx 100 grams)" In the memorandum submitted by the Federal Defender in this case, it was submitted that the weights were never provided or substantiated beyond what was indicated in the report. Further, although there was some indication of a field test being conducted there was no indication of laboratory testing taking place. Subsequently, as noted in the hearing before this court with regard to this issue, it was stated that two laboratory reports were turned over. The result of these laboratory results starkly contradict the assertions made by Officer Canty in his reports, as one of the reports indicates that the large bag of powder found in the apartment, presumably the one found in Mr. Mejia's pocket was found not to contain any detectable levels of heroin. (See Exhibit A) The other laboratory report indicated that a sample of 2.68 grams of brown powder, presumably the small twist, contained five percent heroin. (See Exhibit B)

The government also wishes to introduce other evidence of the results of the search warrant including the location of $1,080.00 in cash beneath a couch cushion, an alleged drug ledger, packaging material, and a scale. After the initial hearing on this issue, defense counsel was invited to conduct further discovery with regard to the Lawrence, Massachusetts arrest. The government represented at that hearing that it did not have copies of the evidence seized in that case, having only the reports and the laboratory results. The government further indicated that it would attempt to obtain copies of the evidence seized. To the best of the defendant's knowledge the only

additional evidence that was turned over was the alleged drug ledger. No pictures of the scale, money, or an evidence inventory list were made available. The defendant's counsel has made an effort to contact Mr. Mejia's counsel in the Lawrence, Massachusetts case in an effort to obtain any available discovery in that case but these efforts have been unavailing.

With respect to the alleged drug ledger, it is submitted that it is not admissible evidence and should not be considered in making the 404(b) determination. The alleged ledger is an envelope, which for the most part contains unintelligible scribbles. There are numerous names written repetitively in cursive writing as if someone is practicing penmanship. (See Exhibit C). There are numerous phone numbers written on the sheet, however, much more prevalent are common words, such as water, job and the name of Elsa Batista, Mr. Mejia's wife, copied several times over. There is nothing discernible to this envelope to distinguish it as a drug ledger.

Although, the envelope does contain some numbers written on one side they do not correspond to any of the alleged quantities of drugs seized. Nor do the numerical entries correspond to any of the alleged small hand to hand transactions to the CI that led to the issuance of the search warrant. The sums on the back of the envelope are just as easily the result of someone practicing arithmetic.

The authentication of the alleged ledger is disputed. Although Mr. Mejia had a set of keys and his wife Elsa Batista lived at that address the exact nature of their relationship at the time of this incident has not been ascertained, nor whether this was Mr. Mejia's exclusive or even primary residence. There is no indication that the document was found in an area ascribed to the exclusive use and control of Ricardo Mejia. Further,

it appears that all of the notations are scrawled on an envelope which was sent to Elsa Batista 209 Water St., Lawrence, Massachusetts, 01847. In addition, Elsa appears scrawled across the envelope in a repetitive fashion. As such, the alleged drug ledger should not be considered in evaluating whether there is enough evidence for a reasonable jury to find by a preponderance of the evidence that the prior bad act occurred.

The unreliable nature of the police report as indicated by the later laboratory results and the evidentiary problems associated with the alleged drug ledger, which at the very least would give rise to a separate motion to exclude any mention of the drug ledger, in the event that this court allowed the fact of Mr. Mejia's prior arrest. It is submitted though that the information that is available makes it crystal clear that the prior bad acts evidence must be excluded. The tenuous nature of the charges underlying the Lawrence, Massachusetts case would inevitably create a trial within a trial which the defendant understands was this court's concern in the matter of the United States v. Awer.

In light of the lack of evidentiary reliability; inaccurate and unfounded allegations contained within the police reports; lack of production of the evidence allegedly seized, or copies or photographs thereof; the unajudicated nature of the case; and the lack of similarities between the offense charged and the prior bad act, the defendant submits that the probative value of the the 404(b) prior bad act evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Relying on the First Circuit Court of Appeal's decisions in *United States v. Lynn*, 856 F.2d 430 (1st Cir. 1988) and *United States v. Arias-Montoya*, 967 F.2d 708 (1st Cir. 1992), the defendant requests an order prohibiting the introduction of such evidence either in the government's case in chief or as rebuttal evidence should the defendant assert a defense of mere presence.

Respectfully Submitted,
Defendant Ricardo Mejia
By his attorney,

/S/ George J. West

George J West, Esq. #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2215
(401)861-9042
(401)861-0330 Fax
Email: GEORGEW180@aol.com

CERTIFICATION

I hereby certify that I caused the filing of the above Motion through the United States District Court for the District of Rhode Island's ECF System be forwarded to Sandra Becker, Esq., A.U.S.A. at Sandra.beckner@usdoj.gov and Thomas G. Briody, Esq. at Tbriodylaw@aol.com on 1/11/2008.

/S/ George J West