IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-05-02S |
| | ) | |
| | ) | |
| RICARDO MEJIA | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S "SUPPLEMENT TO MOTION IN LIMINE TO EXCLUDE 404(b)"

The defendant filed a motion in limine to exclude evidence of the search warrant of the defendant's apartment executed October 19, 2005. The government maintains that such evidence is probative of the defendant's knowledge, intent, and motive to distribute the cocaine seized on December 18, 2006. Additionally, the evidence seized is intrinsic evidence to the conspiracy alleged in Count I of the indictment.[1]

FACTS AND TRAVEL

The parties briefed the issue of 404(b) evidence in August 2007 and argued it at a hearing before the Court. At the hearing, the Court gave defense counsel an opportunity to file a supplemental brief after receiving copies of the drug ledgers seized from the defendant's apartment.[2] The Court also asked the parties to address the impact, if any, of United States v. Lynn,

[1] Count I of the indictment alleges a conspiracy beginning on a date unknown.

[2] The government provided the defendant with copies of the three pages of ledgers in September 2007. The defendant attaches two of the three pages seized to his supplemental motion; the third ledger is attached to this response. (Exhibit 1).

856 F.2d 430 (1st Cir. 1988), upon its ruling in this case.

The defendant's motion was filed in response to the government's notice that it would seek to introduce evidence of a search warrant executed at the defendant's residence in Lawrence, Massachusetts on October 19, 2005. As a result of that search warrant, the defendant was charged with possessing heroin with the intent to distribute. During the execution of the warrant, a large plastic baggie containing a cutting agent was seized from the defendant's person. In addition, $1,080 was seized from under a couch cushion; 2.68 grams of heroin was seized from inside a suitcase in a bedroom; and, a box of packaging material, a digital scale, drug ledgers, and a bottle of inositol were seized from under a vent cover on the floor of another bedroom. Packaging material, a scale, ledgers, and a bottle of inositol are all common "tools of the trade" in the drug business.[3]

ARGUMENT

The First Circuit has "repeatedly held that a prior involvement with drugs is admissible to prove knowledge and

---

[3] Over four months ago, the defendant received copies of the police reports, the search warrant, the laboratory reports, and the drug ledgers. The defendant complains that he has not received photographs of the physical evidence; however, the government is not in possession of any photographs. The defendant has had an opportunity to inspect the packaging material, the scale, and the other physical evidence seized, but he has not requested to do so. Should he desire to inspect these items, although the government does not intend to introduce them at trial, they are available for inspection upon request. See Fed. R. Cr. P. 16.

intent."[4] United States v. Nickens, 955 F.2d 112, 124-25 (1st Cir. 1992). This is especially true when the "central issues" in the case are knowledge and intent. Id. (allowing 404(b) evidence of prior distributions when the defendant claimed that he did not know there was cocaine secreted in hidden compartments of his suitcases).

United States v. Lynn, 856 F.2d 430 (1st Cir. 1988), the case that the Court asked the parties to address in its briefs, is contrary to the majority of First Circuit case law. See Nickens, 955 F.2d at 124 & n.7. Furthermore, it is distinguishable from the facts of the case at hand. In Lynn, the defendant was prosecuted for conspiracy to distribute marihuana. Lynn claimed that the government witnesses were lying about his participation in the conspiracy. Lynn, 856 F.2d at 435-36. As part of its case-in-chief, the government was allowed to introduce evidence of Lynn's prior conviction for marijuana distribution and to read the Drug Enforcement Administration (DEA) reports associated with that conviction to the jury. Lynn, 856 F.2d at 434. The government introduced this evidence pursuant to Fed. R. Evid. 404(b) arguing that the prior conviction was evidence of a common scheme and evidence of the

[4] The government briefed the law surrounding the admission of evidence pursuant to Fed. R. Evid. 404(b) extensively in its response to the defendant's initial motion. The government incorporates the discussion of the law included in that response into this brief. (Exhibit 2).

defendant's intent.

In reversing the conviction,[5] the First Circuit noted that the "probative worth of Lynn's conviction toward proving his intent to commit the instant offense is difficult to conceptualize." Lynn, 856 F.2d at 436. The First Circuit decided that in the context of the government's case (an international marijuana smuggling conspiracy) and the defendant's defense (that the government witnesses were lying about his involvement), a defendant's prior street sale had "minimal" relevance, while the tendency towards drawing an impermissible inference was great. Id. at 436 & n.13. Having determined that Lynn's prior bad act had "questionable probative value," the court thought that the government had another method of proving intent. Id. at 436. If the jury believed the witnesses' testimony about Lynn's participation in the conspiracy, then they would also believe that Lynn intended to participate. Id. at 437.

In addition to the limited probative value of the 404(b) evidence in Lynn, the First Circuit was troubled by the method in which the 404(b) evidence was introduced. See Lynn, 856 F.2d at 437. Because the arresting DEA agent could not recollect the details of the prior offense, the government attorney read the DEA reports into the record pursuant to Fed. R. Evid. 803(5).

---

[5] The introduction of the 404(b) evidence was not the only reason for the reversal.

Id. Referring to this technique as "poorly-crafted overkill," the First Circuit recognized that Lynn was unable to cross-examine the arresting agent. Id. at 437 & n.17. Because the defendant's ability to cross-examine the arresting agent was severely limited, the 404(b) evidence was unfairly prejudicial. Id.

The difference between Lynn and the case at hand is marked. The defense in Lynn consisted of a challenge to the actus reus of the offense; the defendant claimed that he did not participate in the conspiracy. Here, Mejia does not deny that he participated in the distribution of two kilograms of cocaine; he does not dispute that Tejada carried a suitcase containing cocaine into the cooperator's vehicle; and, he does not contest his presence during the drug deal. Instead, the defendant claims that he did not know that the suitcase contained cocaine. Thus, Mejia denies the mens rea of the offense, not the actus reus. Such a defense directly implicates Fed. R. Evid. 404(b).

The defendant's intention to raise a "mere presence" defense makes his knowledge of the contents of the suitcase the central issue in the case. A person who has experience in the narcotics world, such as the defendant, is more likely than one without such experience to know how drug traffickers operate. Nickens, 955 F.2d at 124-25. An experienced narcotics dealer would recognize the method of transportation used in this drug deal as counter-surveillance tactics. Such an experienced

narcotics dealer would also be familiar with how to conceal cocaine inside the suitcase.[6] Id. In his statement to Agent Naylor and Detective Perez, the defendant claimed that he was providing protection for Tejada and that Tejada gave him the firearm to assist in this endeavor. An experienced drug dealer would realize the significance of being requested to provide protection for a meeting such as what occurred in this case. In sum, the mode of travel to the meeting with the cooperator, the surreptitious manner in which the meet was conducted, and the defendant's role in the meet would all have significance to an experienced narcotics trafficker. Thus, the defendant's familiarity with the drug world is especially probative of his knowledge.

The unfair prejudice present in Lynn will not be a concern in the case at hand. Unlike in Lynn where the method of proof severely limited the cross-examination of the 404(b) witness, the

[6] In a separate motion, the defense challenged the authenticity of the drug ledgers seized from the defendant's person and Tejada's car. The government is filing a separate response, but it is worth pointing out in the discussion of the special relevance of the 404(b) evidence, that the ledgers seized on October 19, 2005 assist in the authentication of the ledgers seized on December 18, 2006. The ledgers seized during the execution of the warrant were seized from under the floor vent along with the packaging material, inositol, and scale. Additionally, the handwriting and form of the ledgers seized on October 19, 2005 and those seized on December 18, 2006 are the same. The similarity of handwriting suggests that the defendant was the author of both sets of ledgers and the location of the ledgers seized during the warrant support the proposition that the ledgers were used in the defendant's drug business.

government in this case is calling three witnesses who were involved in the execution of the warrant. These witnesses seized the money, packaging material, scales, ledgers, cutting agents, and heroin from the defendant's apartment. Although this testimony will not be lengthy, it will be more than sufficient for the government to establish by a preponderance of the evidence that on October 19, 2005, the defendant possessed heroin with the intent to distribute. Furthermore, the defendant's counsel will have ample opportunity to cross-examine the witnesses regarding their seizures. Any further danger of prejudice can be addressed by the Court in its instructions to the jury. Nickens, 955 F.2d at 125-26.

CONCLUSION

Based on the foregoing, the government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On January 16, 2008, I caused a copy of the within "Government's Response to Defendant's Supplement to Motion in Limine to Exclude 404(b)" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. George J. West
Attorney at Law
One Turks Head Place, Suite 312
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov