EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-005-02S |
| | ) | |
| | ) | |
| RICARDO MEJIA | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

The defendant filed a motion in limine to exclude evidence of the defendant's prior drug dealing. The government maintains that such evidence is probative of the defendant's knowledge, intent, and motive to distribute the cocaine seized on December 18, 2006. Additionally, the defendant may raise the defense of entrapment. Should the defendant meet his burden entitling him to an entrapment instruction, see United States v. Reed, 977 F.2d 14, 18 (1st Cir. 1992), then the government will be required to prove either that the government did not use improper inducement or that the defendant was predisposed to distribute cocaine. The defendant's prior drug dealing is especially probative of his predisposition to commit the charged crimes.

FACTS

The defendant's motion was filed in response to the government's notice that it would seek to introduce the following evidence:

On October 20, 2005, the defendant, Ricardo Mejia, possessed

with intent to distribute heroin in Lawrence, Massachusetts.

This charge stems from a search warrant that was executed at the defendant's residence on October 19, 2005. During the execution of this warrant, a large plastic baggie containing a cutting agent was seized from the defendant's person. In addition, $1,080 was seized from under a couch cushion; 2.68 grams of heroin was seized from a bedroom; and, a box of packaging material, a digital scale, drug ledgers, and a bottle of inositol were seized from another bedroom.

LAW

Fed. R. Evid. 404(b) is a rule of inclusion not exclusion. See United States v. Zeuli, 725 F.2d 813, 816 (1st Cir. 1984). In the First Circuit, evidence of prior narcotics involvement is often admissible pursuant to Fed. R. Evid. 404(b) to prove knowledge and intent in a drug trafficking case. See United States v. Manning, 79 F.3d 212, 217 (1st Cir. 1996) ("[W]hen charges of drug trafficking are involved, this court has often upheld the admission of evidence of prior narcotics involvement to prove knowledge and intent."); United States v. Garcia, 983 F.2d 1160, 1173 (1st Cir. 1993) (admitting evidence of a prior arrest for cocaine dealing in a trial involving a charge of possession with the intent to distribute); United States v. Hadfield, 918 F.2d 987, 995 (1st Cir. 1990) (admitting the defendants' prior drug convictions because such convictions were

probative of knowledge, intent and the working relationship between defendants); United States v. Rubio-Estrada, 857 F.2d 845, 848-49 (1st Cir. 1988) (admitting evidence of a prior drug conviction).

The determination of when such prior bad act evidence is admissible involves a two step inquiry: (1) whether the evidence is especially probative of an issue in the case such as knowledge or intent without including propensity as a necessary link in the inferential chain, and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. See United States v. Houle, 237 F.3d 71, 77 (1st Cir. 2001); Garcia, 983 F.2d at 1172.

By entering a plea of not guilty, a defendant in a narcotics case places his intent at issue. See Garcia, 983 F.2d at 1175; United States v. Ferrer-Cruz, 899 F.2d 135, 138-39 (1st Cir. 1990); Houle, 237 F.3d at 77 & n.2; Zeuli, 725 F.2d at 816. In fact, the defense of "mere presence," as the defendant in this case may assert, squarely raises the issue of his knowledge and intent. See Ferrer-Cruz, 899 F.2d at 139; see also United States v. Thomas, 58 F.3d 1318, 1322 (8th Cir. 1995) ("When a defendant raises the issue of mental state, whether by a 'mere presence' defense that specifically challenges the mental element of the Government's case or by means of a general denial that forces the Government to prove every element of its case, [Rule 404(b)]

evidence is admissible because mental state is a material issue.").

Additionally, when the defendant raises the defense of entrapment, as may be the case here, "prior bad acts relevant to a defendant's predisposition to commit a crime are highly probative . . . ." United States v. Van Horn, 277 F.3d 48, 57 (1st Cir. 2002) (admitting evidence of uncharged bad acts to show defendant's predisposition when defendant raised the defense of entrapment); United States v. Franco, 484 F.3d 347, 352 (6th Cir. 2007) (admitting evidence of prior, uncharged drug deals under Fed. R. Evid. 404(a) when an entrapment defense is raised); United States v. Coleman, 284 F.3d 892, 894 (8th Cir. 2002) (allowing evidence of an uncharged sale of crack cocaine to show the defendant's predisposition to distribute drugs because the defendant claimed a defense of entrapment); United States v. Higham, 98 F.3d 285, 292 (7th Cir. 1996); United States v. Zanabria, 74 F.3d 590, 592 & n. 4 (5th Cir. 1996).

ARGUMENT

In this case, the defendant has placed his knowledge, intent and motive at issue. He does not dispute that two kilograms of cocaine were hidden within a suitcase that he transferred to the cooperator. Instead, he appears to be denying knowledge of the cocaine and possibly asserting an entrapment defense.

"The affirmative defense of entrapment has two related

elements: (1) government inducement of the crime, and (2) a lack of predisposition on the part of the defendant. . . . Once the defendant has established that he was induced to commit the crime, the government must prove beyond a reasonable doubt that defendant was predisposed to commit the crime." Reed, 977 F.2d at 18 (citations omitted). The fruits of the search warrant executed at the defendant's residence are evidence of his predisposition to distribute cocaine in this case.

Should the defendant claim a lack of knowledge, evidence of the defendant's prior involvement in the narcotics world is useful in explaining not only the manner in which this crime was committed but the use of certain narcotics related equipment such as the firearm and the drug ledgers. The fruits of the search warrant executed at the defendant's house "permissibl[y] suggest[] that [the defendant] knew about drugs and drug possession" refuting his defense of mere presence. Ferrer-Cruz, 899 F.2d at 138; see United States v. Nickens, 955 F.2d 112, 124-25 & n.7 (1st Cir. 1992) (admitting a prior conviction to prove the defendant knew the suitcase contained cocaine and recognizing that United States v. Lynn, 856 F.2d 430 (1st Cir. 1988) is contrary to the majority of First Circuit case law). See Rubio-Estrada, 857 F.2d at 849-48 (a person previously convicted of cocaine distribution is more likely than one not so convicted to know the significance of scales, ledgers, powder, and cash).

For all of the reasons stated, the probative value of the defendant's prior bad act is significant given the factual issues in dispute. "[S]uch evidence should be excluded under Rule 403 only when its probative value is <u>substantially</u> outweighed by its potential unfairly to prejudice the defendant." <u>United States v. Landrau-Lopez</u>, 444 F.3d 19, 24 (1st Cir. 2006). Because the facts surrounding the narcotics arrest in question refute the central issue in the case, their probative value is not outweighed by any danger of prejudice. Counsel's claim that she would have to engage in additional discovery regarding the informant used is not accurate since the confidential informant utilized by the Massachusetts State Police in the search warrant would not be testifying, nor would agents testify about the controlled buys.

Furthermore, any danger of prejudice can be addressed by the Court in its instructions to the jury diminishing the likelihood that the jury would misuse the evidence. <u>See</u> <u>Hadfield</u>, 918 F.2d at 995 (considering the district court's jury instructions in weighing the potential prejudice of the defendant's prior convictions); <u>Garcia</u>, 983 F.2d at 1173 (recognizing that 404(b) covers prior acts as well as convictions and finding that the probative value of the prior drug arrest was not substantially outweighed by the prejudice of such evidence, especially in light of the district court's limiting instructions).

CONCLUSION

Based on the foregoing, the government respectfully requests that the Court allow the government to introduce evidence of the items seized during the execution of the search warrant at the defendant's home.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2007, a copy of the within "Government's Response to Defendant's Motion in Limine" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Mary McElroy
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj