IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR 07-05-02S
:
RICARDO MEJIA :

GOVERNMENT'S RESPONSE TO DEFENDANT MEJIA'S MOTION IN LIMINE

The Court should deny the defendant's motion to exclude drug ledgers seized from his person and from the Toyota Camry driven by the co-defendant, Eudy Antonio Tejada-Pichardo. These drug ledgers are relevant to the existence of the conspiracy to distribute cocaine charged in Count I of the indictment and to the defendant's knowledge and intent to distribute the cocaine charged in Count II of the indictment.

I. THE DOCUMENTS SEIZED FROM THE DEFENDANT AT THE TIME OF HIS ARREST ARE RELEVANT AND INTRINSIC TO THE CHARGED OFFENSES

The defendant contests the admissibility of seized drug ledgers claiming that the ledgers are not relevant and are extrinsic to the offenses charged. These claims are without merit. The First Circuit has held that "tools of the trade" evidence is admissible to prove the existence of a conspiracy as well as the intent to distribute. See United States v. McGuire, 389 F.3d 225, 230 (1st Cir. 2004) (judgment vacated on other grounds); United States v. Alosa, 14 F.3d 693, 696 (1st Cir. 1994) (drug ledgers are admissible as "real evidence" to prove that a drug business was conducted in a particular location, to prove the existence of a conspiracy, and to prove the dimensions

of a conspiracy); United States v. Tejada, 886 F.2d 483, 487 (1st Cir. 1989) (allowing the admission of a drug ledger against the defendant as direct evidence of a conspiracy with individuals known and unknown to the grand jury.).

The defendant tries to distinguish the instant case from Alosa by claiming that there is insufficient evidence in this case linking the ledgers to the conspiracy. However, in Alosa, the court held that the nature of the entries and the testimony of an agent expert was sufficient to establish that the ledgers were in fact real evidence of the drug business. Alosa, 14 F.3d at 696. Furthermore, in deciding that the drug ledger served as evidence of the existence of the conspiracy, the First Circuit in Alosa noted that much of the evidence in the case related to one defendant, but the fact that the ledgers were in the handwriting of the other defendant, made the "inference of a conspiracy easy." Id.

Similarly, the drug ledgers that the government seeks to introduce in this case are evidence of the existence and scope of the conspiracy charged in Count I of the indictment and the defendant's intent to distribute the cocaine seized and charged in Count II of the indictment. The ledgers reflect a number of participants in the conspiracy, including the unknown participants referenced in the indictment, and a number of transactions with those participants. The defendant brought a

number of the ledgers with him to the December 18, 2006 cocaine sale, thereby linking those records to the charged offenses. Moreover, the records are similar and appear to be in the same handwriting as the notebook ledger seized from the co-defendant's car. This further connects the defendant to his co-defendant, Tejada, and to the December 18, 2006 drug deal arranged by Tejada. Quite simply, the ledgers are as much evidence of the defendant's intent and participation in the conspiracy as a scale would be and given that the ledgers were present during the deal, it is difficult to conceive of how they are extrinsic to the charged offenses.

II. <u>THE DRUG LEDGERS ARE PROPERLY AUTHENTICATED</u>

In order for a document to be authenticated, there must be sufficient evidence for a reasonable person to believe that the evidence is what it purports to be. <u>United States v. Alicea-Cardoza</u>, 132 F.3d 1, 4 (1st Cir. 1997). A document may be authenticated based upon "'[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.'" <u>United States v. Gonzalez-Maldonado</u>, 115 F.3d 9, 20 (1st Cir. 1997) (quoting <u>United States v. Echeverri</u>, 982 F.2d 675, 679 (1st Cir. 1993)).

The defendant claims that testimony by an agent expert that the documents are drug ledgers is not sufficient to authenticate the ledgers. In making this argument, the defendant disregards

the holding in Alosa, 14 F.3d at 696, and the testimony of Agent Naylor, the government expert. (Tr., 12/3/07, pp. 22-23).[1] Even the defense expert, Joseph Broadmeadow, testified that a drug ledger would consist of a list of names with numbers next to them. (Tr., 12/3/07, pp. 106-07).[2]

The defendant's authentication challenge distorts First Circuit precedent on the issue. In United States v. Echeverri, 982 F.2d 675, 680 (1st Cir. 1993), the First Circuit upheld the admission of a drug ledger into evidence on the basis of testimony by an agent. The agent, who was familiar with the drug trade, testified that the numbers on a pay stub were a drug ledger. The defendant attempts to distinguish his situation from that outlined in Echeverri since the drug ledger in Echeverri had the defendant's name on it. However, this distinction is fruitless. First, the majority of the drug ledgers that the government seeks to introduce were found on the defendant's person, thus significantly connecting him to the ledgers. Second, the ledgers seized from the car were seized from a car in which the defendant and co-defendant were traveling to a drug deal. Third, the ledgers seized from the defendant's person and from the vehicle are similar to the drug ledger seized from

[1] Attached as Exhibit 1.

[2] Attached as Exhibit 2.

beneath a vent cover in the defendant's residence along with a box of packing material, a digital scale, and a bottle of inositol.[3] All of the drug ledgers seized have the same handwriting as well as a distinctive method of writing the letter "A" with a "delta" sign. And finally, there is no need for the government to offer direct proof that the defendant authored these drug ledgers. See Echeverri, 982 F.2d at 680.

The defendant also claims that the drug ledgers are largely dissimilar to each other and thus are not indicative of one ledger. As stated above, the different cards that make up the ledgers contain certain names and numbers that correlate on each page and contain identical writing styles. See Defendant's Exhibit A. This shows a connection between the documents seized from the defendant and the documents seized from within the vehicle.

III. THE LEDGERS ARE NOT UNDULY PREJUDICIAL

The defendant argues that even if the ledgers are admissible as evidence of the conspiracy then they should not be admitted because they are unduly prejudicial. In order for an otherwise admissible piece of evidence to be excluded under Fed. R. Evid. 403, the probative value must be substantially outweighed by the

[3]Also seized withing that house were $1,080 from under a couch cushion and 2.68 grams of heroin from inside a suitcase in a bedroom.

danger of unfair prejudice. See Fed. R. Evid. 403. Fed. R. Evid. 403 does not require that the evidence create no prejudice, as all evidence having a tendency to show the likelihood of a criminal act is prejudicial; for evidence to be excluded, there must be a substantial risk of unfair prejudice. United States v. Rodriguez-Estrada, 877 F.2d 153, 156 (1st Cir. 1989).

As already discussed, the drug ledgers are highly probative of the existence of a conspiracy to traffic cocaine and the intent to distribute cocaine. The ledgers, just like scales, phones, baggies, firearms, beepers and cutting agents, are tools of the trade evidencing the defendant's intent to distribute cocaine and his participation in the conspiracy to distribute cocaine.

In Tejada, 886 F.2d at 486, the First Circuit dealt with whether a drug ledger that contained dates mentioned in the conspiracy was unduly prejudicial. The court decided that it was not. Id. The Court did not find unfair prejudice even though the drug ledger referenced individuals who where not mentioned as part of the conspiracy other than as individuals known and unknown to the grand jury. Id.

The defendant in this case argues that the drug ledgers are likely to confuse the jury. This claim is without merit as the drug ledgers do not require extensive testimony about an issue unrelated to the instant case, nor do they require expounding on

an issue that may confuse the jury. (Tr., 12/3/07, pp. 22-23, 106-07). The testimony is straightforward and the ledgers themselves are not complex, unlike many types of business records routinely introduced in federal trials. The ledgers are a simple list of the defendant's conspirators, either customers or suppliers. The fact that the defendant brought these records with him to a drug deal, allowing him to record the transaction or take orders for a future transaction, is evidence of his intent to distribute the cocaine.

For the above reasons the government respectfully requests that the defendant's motion in limine be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

CERTIFICATE OF SERVICE

On January 17, 2008, I caused the within "Government's Response to Defendant Mejia's Motion In Limine" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. George J. West
Attorney at Law
One Turks Head Place, Suite 312
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj