UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 07-05-02S |
| | ) | |
| RICARDO MEJIA | ) | |

GOVERNMENT'S OBJECTIONS TO THE
DEFENDANT'S PROPOSED JURY INSTRUCTIONS

I. OBJECTION TO THE "MISSING WITNESS" INSTRUCTION

The decision to provide a "missing witness' instruction to the jury is within the discretion of the Court. In making this determination, the Court must consider whether an "uncalled witness is wither 'favorably disposed' to testify on behalf of the government by virtue of status or relationship or 'peculiarly available' to the government." United States v. Perez, 299 F.3d 1, 3 (1st Cir. 2002). Then, the Court must "consider the explanation (if any) for the witness's absence and whether the witness, if called, would be likely to provide relevant, non-cumulative testimony." Id.

No negative inference is justified if a witness is "equally available" to both sides. See First Circuit Pattern Instructions § 2.12. Moreover, where an informant witness is available to the defendant, the instruction is not warranted. See United States v. Anderson, 452 F.3d 66, 81-83 (1st Cir. 2006) (affirming the

district court's denial of a missing witness instruction because there was no basis for concluding that the informant was "peculiarly available" to the government when the defendant had the opportunity to call him as a witness but did not do so).

Here, the informants were made available to the defendant. The defendant had and opportunity to interview both informants. Additionally, he called the male informant to the witness stand on one occasion and he called the female informant to the witness stand on two occasions. Furthermore, if the government elects not to call either of the informants at trial, the defendant may do so.

The defendant cannot establish that the informants are favorably disposed to the government. United States v. Spinosa, 982 F.2d 620, 631-33 (1st Cir. 1992) ("There is no per se rule that paid government informants are presumed to be so clearly favorably disposed to the government that they are not available to criminal defendants."). Informants are "independent contractors," employees of neither side. See Anderson, 452 F.3d at 81. "[T]he mere fact of cooperation does not make a witness 'favorably disposed' to the government." Id. (quoting United States v. DeLuca, 137 F.3d 24, 38 (1st Cir. 1998)).

In this case, the informants were compensated for their cooperation approximately a year ago. No further compensation for this case has been or will be provided. Additionally, their ability to cooperate in the future does not depend upon the

outcome of this case. Accordingly, there is no basis for concluding that the informants are favorably disposed to the government. For all of these reasons, the Court should find that the defendant has not met his threshold burden for issuance of the missing witness instruction.

## II. OBJECTION TO THE "MERE PRESENCE" INSTRUCTION

While a defendant is entitled to an instruction on his theory of defense, "the defendant is not entitled to a verbatim reading of the requested instruction, and the court need not instruct on every particular that conceivably might be of interest to the jury." United States v. Rosario-Lopez, 199 F.3d 552, 567 (1st Cir. 1999). When the Court's instructions fairly address the defendant's theory of defense, there is no error in failing to give the defendant's requested instruction. Id.; United States v. Rose, 104 F.3d 1408, 1416 (1st Cir. 1997) (district court adequately covered the defense theory of "mere presence" with the instruction addressing "association" in the context of the conspiracy instruction and "mere presence" in the context of the aiding and abetting instruction); United States v. Beltran, 761 F.2d 1, 11 (1st Cir. 1985) (concluding that the court adequately covered the defendant's theory of defense when it specifically addressed the concept of "knowledge" and instructed the jury that "'mere presence [of a defendant at the

scene of a crime] does not necessarily establish proof of the existence of a conspiracy.'").

Here, the defendant asks this Court to specifically highlight his theory in a separate instruction even though the law regarding "knowledge" and "mere presence" is addressed elsewhere in the instructions. See First Circuit Pattern Instructions §§ 2.13, 4.02, 4.03. The special instruction requested by the defendant varies from the First Circuit Pattern Instructions and is cumulative to the language already included in the pattern instructions addressing knowledge, aiding and abetting, and conspiracy. This unduly emphasizes the defendant's theory of the case, adding the weight of the Court to his particular theory.

While the government objects to a special instruction on "mere presence" in light of the First Circuit Pattern Instructions, if the Court elects to give a separate instruction regarding "mere presence," the government proposes the following instruction:

> Mere Presence at the scene of a crime or merely knowing that a crime is being committed is not sufficient to find that a defendant committed that crime. While mere presence alone is not a sufficient basis for a guilty verdict, a defendant's presence at the point of a drug sale, taken in light of other circumstances, can constitute strong evidence of guilt.

See United States v. Ortiz, 966 F.2d 707, 712 (1st Cir. 1992).

The government also attaches the "mere presence" instruction used in the case of United States v. Kent Awer as an alternative.

Respectfully submitted,

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2008 a copy of the within "Government's Objections to the Defendant's Proposed Jury Instructions" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. George J. West
Attorney at Law
One Turks Head Place, Suite 312
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov