IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. Cr. No. 07-005S

RICARDO MEJIA

Motion for New Trial

Now comes the defendant by and through his attorney and moves for a New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. In support of this motion Defendant incorporates by reference the reasons and arguments contained in his Memorandum in Support of this motion.

Defendant,
By his Attorney,

/s/ George J. West

George J. West, Esq. #3052
One Turks Head Place
Suite 312
Providence, RI 02903
Tel. 401-861-9042
Fax. 401-861-0330
Email: Georgew180@aol.com

CERTIFICATE OF SERVICE

On February 7, 2008, I caused the within “Motion for New Trial” to be filed electronically and is available for viewing and downloading from the ECF system.
Electronic notification:
Sandra Beckner Assistant U.S. Attorney
U.S.Attorney'sOffice
50 Kennedy Plaza, 8th
Providence, RI 02903
Sandra.Beckner@usdoj.gov

/s/ George J. West
______________________________

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. Cr. No. 07-005S

RICARDO MEJIA

Memorandum in Support of Defendant's
Motion for New Trial

A motion for new trial is sought here pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Where the motion is based on any "other grounds," the trial court may grant a new trial where any error is of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial." WRIGHT, FEDERAL PRACTICE & PROCEDURE § 556 (3d ed. 2004). WRIGHT, § 556 provides an illustrative list of the types of errors that might justify a motion for new trial on "other grounds": denial of a separate trial, absence of witnesses, objections to jurors or the jury selection process, failure to provide discovery, the lack of an intelligent waiver of trial by jury, incompetency to stand trial, absence of defendant from the trial, refusal to allow defendant to be free on bail during the trial, exclusion of evidence, admission of improper evidence, accepting a plea of guilty from a codefendant during trial, variance between the indictment or information and the proof, instructions to the jury, and allowing the jury to separate during deliberations. Also See WRIGHT, § 551 (stating that a motion for new trial based not on newly discovered evidence, but on errors or other grounds "should be neither favored nor disfavored, and the question is only what the interest of justice requires."). United States v. Wall, 389 F.3d 457, 474 (5th Cir. 2004) It has been held that improper denial of a motion for continuance was grounds for granting motion for new trial.

United States v. Vesey 330 F.3d 1070 (8th Cir. 2003) . Further it has been held that evidentiary errors during trial have been held to be grounds for new trial. United States v. Tory 52 F. 3d 207 (9th Cir. 1995) and finally insufficient evidence is similarly grounds for new trial. United States v. Washington 184 F. 3d 653, 658 (7th Cir. 1999) see also United States v. Kwan, 2003 WL 22973515 (S. D. N. Y. 2003) ( court must examine all of the facts and circumstances to determine if there is manifest injustice requiring a new trial). In determining whether to grant a new trial, the court may properly consider the credibility of the witnesses, and may grant a new trial "if the verdict is so contrary to the weight of the evidence that a new trial is required in the interest of justice. United States v. Dodd, 391 F.3d 930, 935-936 (8th cir. 2004), United States v. Kellington, 217 F.3d 108, 1097 (9th Cir. 2000), United States v. Washington, 184 F.3d. 653, 657-659 (7th Cir. 1999).

It is submitted that in the instant matter a New Trial should be ordered in the interest of Justice.

I. It is respectfully suggested that certain key evidentiary pretrial and trial rulings in the instant matter warrant a new trial. The allowance of the defendant's statement to be admitted in this trial was pivotal evidence. As the evidence evinced at trial clearly established the defendant did not receive the benefit of an interpreter when he was interrogated by police. He did not receive a fair and balance interpretation of the questions being put to him. He could not have as no trained interpreter was present during the interrogation in the Spanish Language. It was clearly brought out through defense witness Susana Torres that Officer Perez was a heritage speaker lacking any of the depth of training that an interpreter would have. There was no way for any sense of the indicia of reliability to attach to whatever exchange may have occurred between the defendant and Officer Perez.

Factually, the account of Agent Naylor and Officer Perez appear to be at variance in that Agent Naylor states he questioned the defendant at times in English. The Officier doesn't recall it that way saying instead he put the questions in Spanish. These are important revelations in that had the court had the benefit of this information the statement ought to have been suppressed as argued by the defense in the motion to suppress hearing.

The drug ledgers ought to have been barred. The evidence at trial clearly and and unequivocally showed the so –called ledgers were not tied to the instant offense in any fashion other than being present in one case in the glove box of the co-defendant's car or in the defendant's wallet. They were not used in the charged conduct in any fashion. The introduction of the evidence of the ledgers was highly prejudicial and in the end likely pivotal. The government did not tie the ledgers to the claimed conspiracy and in the end the ledgers were merely propensity evidence. The government repeatedly pointed to the ledgers as factual proof of the defendant's complicity in the conspiracy and distribution offense. The evidence ought to have been excluded for the reasons submitted in defendant's motion in limine on this point.

The finding that the Lisa Torres/ Marie Perez connection with regards to working to assist defendant's seeking lower sentences or other relief from prosecution was an error. The finding effected trial strategy in that the defense could not call and expose Ms. Perez's dealings including taking large sums of money to Ms. Torres, failing to be forthcoming before this court about her phone calls at key points in the transaction with Ms. Torres. Seeking to assist Ms. Torres in obtaining Agent Naylor's assistance on the Manuel Paolino case, and the fact that Agent Naylor cautioned her against having contact with Ms. Torres. The defendant ought to have been able to make the jury aware that Ms. Torres asserted her fifth amendment privilege when specific questions were to be put about the instant offense. It is clear the jury could have

drawn a negative inference with respect to Ms. Torres and to the prosecution's case given the frequent contact the two women maintained.

The tape recorded conversations ought to have been barred and the renewed Petrozziello Motion ought to have barred the admission, *United States v. Petrozziello,* 548 F.2d 20, 23 (1st Cir. 1980). *United States v. Ciampaglia,* 628 F.2d 632, 638 (1st Cir. 1980). It is clear in this case there is not sufficient extrinsic evidence to warrant such admission to have been finalized in as much as the government failed to relate the recordings to have anything to do with the defendant as is clearly demonstrated by the Jury finding the defendant not guilty on count two. Here the tape recorder evidence was used merely to show the action of the co-defendant and did not demonstrate any action of defendant. It was highly and unfairly prejudicial evidence which was admitted pursuant to Rules of Evidence, rule 403(b).

II. It is respectfully submitted that the government failed to establish the elements of the charge lodged in this case. In this matter the defendant Mr. Mejia was not shown to be in any way involved in the days leading up to the transaction in interaction with Marie Perez or Ambrios Falette. Tapes of calls between Mr. Falette, Ms. Perez and Mr. Soto had nothing to do with Mr. Mejia. All elements of the transactions were arranged through Falette, Perez and Soto. Mr. Falette testified he never had any dealings with the defendant and the entire transaction was agreed to and carried out by Mr. Soto. There were no finger prints on the gun, suitcase or anything else present in the case revealing the defendant had any physical contact with the same. There was no observation by any of the government witnesses that Mr. Mejia ever had possession of the firearm. The interrogation of the defendant was irrevocably tainted by the lack of an interpreter. The officer was clearly not a disinterested party to the prosecution of the instant matter. Under such circumstances it is submitted the testimony recounting alleged

admissions must be viewed by the court with extreme caution. See U.S. v. Nazemian 948 F. 2d 522 (9th Cir. 1991), The People of the State of New York v. Romero 78 N.Y. 2d 355 (Court of Appeals of New York, 1991), People v. Gutierrez 916 P.2d 598 (Court of Appeals of Colorado, Div. One, 1995). Clearly the congress by virtue of 18 U.S. C. § 1827-1828 (The Court Interpreters Act of 1978) has made certain that interpreters working in federal court are highly trained, tested and certified before they are allowed to interpret before the court. That is for the logical reason that there be a high degree of confidence that what is said in court is conveyed to the non-English speaking party and conversely to the court with a high degree of confidence that an accurate understanding of what has been said is rendered to the party. Here no such assurance is present. The case against Mr. Mejia other than his presence at the site is primarily founded on the statements attributed to him. If this court had not allowed that statement based on the flawed and unreliable nature of it the case would have failed. Mr. Mejia deserves a new trial.

Defendant,
By his Attorney,

/s/ George J. West

George J. West, Esq. #3052
One Turks Head Place
Suite 312
Providence, RI 02903
Tel. 401-861-9042
Fax. 401-861-0330
Email: Georgew180@aol.com

CERTIFICATE OF SERVICE

On February 7, 2008, I caused the within "Memorandum in Support of Motion for New Trial" to be filed electronically and is available for viewing and downloading from the ECF system. Electronic notification:

Sandra Beckner Assistant U.S. Attorney
U.S.Attorney'sOffice
50 Kennedy Plaza, 8th

Providence, RI 02903
Sandra.Beckner@usdoj.gov

/s/ George J. West