UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR. No. 07-05-02S |
| RICARDO MEJIA | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A NEW TRIAL

## INTRODUCTION

The defendant's motion for a new trial, based upon his disagreement with this Court's pretrial evidentiary rulings and his claim that there was insufficient evidence to sustain the conviction, should be denied.

## RULE 33 STANDARD

While a motion for a new trial is directed to the sound discretion of the trial judge, the First Circuit has stated that the trial judge does not sit as a thirteenth juror and should not set aside a verdict solely on the ground that the Court would have reached a different result. See United States v. Rivera Rangel, 396 F.3d 476, 486 (1st Cir. 2005); United States v.

Rothrock, 806 F.2d 318, 321 (1st Cir. 1986). "The remedy of a new trial is sparingly used, and then only where there would be a 'miscarriage of justice . . . and where the evidence preponderates heavily against the verdict.'" United States v. Indelicato, 611 F.2d 376, 387 (1st Cir. 1979); see United States v. Wilkerson, 251 F.3d 273, 278 (1st Cir. 2001); United States v. Andrade, 94 F.3d 9, 14 (1st Cir. 1996) (affirming the district court's denial of a motion for new trial where defendant did not present new evidence, did not point to any grave errors, and merely reiterated his arguments made at trial).

ADMISSION OF THE DEFENDANT'S STATEMENTS

Defendant alleges that he is entitled to a new trial because the Court did not suppress the defendant's statement. The defendant asserts that his statements to the investigating officers should not have been admitted because the detectives questioning him had inconsistencies in their recollection of the interview and because the Spanish speaking detective was a "heritage speaker" lacking training as an interpreter.

The defendant's complaints go towards the weight the jury should afford the defendant's statements, not their admissibility. His arguments with respect to the statements were fully explored at trial, both on cross-examination and through the presentation of defense witnesses. The jury had ample

opportunity to consider these arguments and apparently rejected them. The unspecified inconsistencies in the officers' testimony and Detective Perez's lack of formal training do not provide a legal basis for suppressing the statements.

The Court in this case carefully considered the constitutionality of admitting the defendant's statements to law enforcement at trial. The Court held a full suppression hearing and received pre-hearing and post-hearing memoranda regarding the voluntariness of the defendant's statements and the defendant's waiver of his Miranda rights. At the conclusion of that hearing, the Court explicitly found that "there is no question that the defendant[] w[as] fully advised of [his] rights and that [he] understood them." Docket No. 86, p. 4. The Court went on to find that the defendant was twice advised of his rights, both orally and in writing, and that he "willingly" answered the questions put to him by the investigating officers. Id. The Court found a valid waiver of his Miranda rights and denied the defendant's motion to suppress. The Court's decision was supported by the facts and by the law. Further, no evidence was admitted during the trial to raise in the Court's mind the correctness of its ruling. Accordingly, it was not error to admit the defendant's statements into evidence at trial.

LISA TORRES

After numerous pretrial hearings, the defendant developed no evidence suggesting that Lisa Torres was involved in this case, nor did he explain the relevance of Lisa Torres to his "mere presence" defense.[1] Nonetheless, the defendant seeks a new trial because the Court did not allow him to present evidence of the Cicilline case, to call Lisa Torres to the witness stand to invoke her Fifth Amendment privilege,[2] or to present evidence regarding Lisa Torres's relationship with the female informant.

---

[1] At the two hearings held regarding the admission of evidence pursuant to Fed. R. Evid. 404(b), the defendant clearly stated that he was not going to rely upon entrapment as a defense theory. The Court precluded the government from admitting evidence found during the execution of a search warrant at the defendant's residence in part based upon the defendant's rejection of an entrapment defense.

[2] "It is well settled that the jury is not entitled to draw any inferences from the decision of a witness to exercise his constitutional privilege whether those inferences be favorable to the prosecution or the defense." Bowles v. United States, 439 F.2d 536, 541 (D.C. Cir. 1970); see United States v. Castorena-Jaime, 285 F.3d 916, 931 (10th Cir. 2002); United States v. Taylor, 154 F.3d 675, 684 (7th Cir. 1998); United States v. Klinger, 128 F.3d 705, 710 (9th Cir. 1997); United States v. Griffin, 66 F.3d 68, 70-71 (5th Cir. 1995); Nezowy v. United States, 723 F.2d 1120, 1124 & n.6 (3rd Cir. 1983); United States v. Lacouture, 495 F.2d 1237, 1240 (5th Cir. 1974); United States v. Johnson, 488 F.2d 1206, 1211 (1st Cir. 1973); United States v. Tush, 165 Fed. Appx. 742, 744 (11th Cir. 2006) (unpublished); United States v. McLean, 145 F.3d 1327, 1998 WL 225133, at *2 (4th Cir. 1998) (unpublished). Since the jury may not draw any inference from the fact that a witness invoked his constitutional privilege, there is no relevance to the jury's observation of his invocation.

At the pretrial hearings, the defendant was given an opportunity to develop his theory regarding the relevance of Lisa Torres to this case. He was allowed to present evidence, examine two of the officers involved in the case, and examine the female informant regarding Lisa Torres. After fully exploring the issue pretrial, the Court found that the defendant failed to explain how Lisa Torres or the Cicilline case fit within his defense.

At trial, the Court properly excluded evidence regarding Lisa Torres and the Cicilline case because such evidence was not relevant to the case against Ricardo Mejia or his defense. Moreover, the Court properly determined that such evidence was prejudicial and likely to waste time and confuse the issues. See United States v. Brown, 500 F.3d 48, 57 (1st Cir. 2007) ("the mere assertion of [the right to call witnesses for the defense] does not automatically and inevitably ensure the admissibility of the proffered testimony"). Considerable deference is given to the district court's determination of what is relevant and whether the probative value is outweighed by unfair effect. See id. at 58. The defendant has not put forth any argument or evidence that should cause the Court to reconsider its ruling and order a new trial. In short, the Court's ruling regarding the Lisa Torres/Cicilline case issue stands on firm ground.

## DRUG LEDGERS

The drug ledgers were properly admitted into evidence as "'real evidence' tending to make it more likely that drug business was being conducted. . . ." United States v. Alosa, 14 F.3d 693, 696 (1st Cir. 1994); see United States v. Balthazard, 360 F.3d 309, 318 (1st Cir. 2004); United States v. Gonzalez, 307 F.3d 906, 909-10 (9th Cir. 2002) (drug ledgers, like scales, are admissible as "tools of the trade"); United States v. Spiller, 261 F.3d 683, 689-90 (7th Cir. 2001) (drug ledgers admissible as "tools of the trade"). The ledgers introduced into evidence in this case were seized from the defendant's person and the co-defendant's vehicle. These ledgers were evidence of the connection between the defendant and co-defendant, the existence of the conspiracy, the dimensions of the conspiracy, and the defendant's intent to distribute the cocaine seized that night. Although seeking a new trial based upon the alleged erroneous admission of these ledgers, the defendant has cited to no case precluding the admission of drug ledgers, a common type of "tool of the trade" evidence. The ledgers were properly admitted and a new trial is not warranted.

## RECORDINGS

The Court properly admitted the recorded conversations pursuant to Fed. R. Evid. 801(d)(2)(E), which provides that

statements of one co-conspirator may be admissible in evidence against another co-conspirator if such statements were made in furtherance of the conspiracy. For co-conspirator statements to be admissible, the Court must be satisfied that "'it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy.'" United States v. Newton, 326 F.3d 253, 257 (1st Cir. 2003). In making its findings, the Court may consider the hearsay statements, although there must be some extrinsic evidence, which together with the hearsay statements is sufficient to show, more likely than not, that a conspiracy existed. See Bourjaily v. United States, 483 U.S. 171, 181 (1987); United States v. Sepulveda, 15 F.3d 1161, 1182 (1st Cir. 1993). A defendant who joins a conspiracy is responsible for statements of other co-conspirators made in furtherance of the conspiracy even if such statements were made prior to his joining the conspiracy. See United States v. Baines, 812 F.2d 41, 42 (1st Cir. 1987).

In this case, the Court had more than enough evidence from which to conclude that it is more likely than not that a conspiracy existed between the defendant and Tejada, and that Tejada's statements on the recordings were in furtherance of that conspiracy. One of the calls referenced Tejada's suppliers and the last call was made on the way to the drug delivery in the

defendant's presence. The defendant's presence at the point of sale, his actions at the point of sale, his ledgers, and his statements are all evidence that he and Tejada conspired to distribute cocaine. The admission of these calls was not error and thus, a new trial is not warranted.

SUFFICIENCY OF THE EVIDENCE

The defendant also challenges the sufficiency of the evidence arguing that aside from the defendant's statements which he contends were improperly admitted, there is a lack of evidence entitling him to a new trial. As already discussed, it was not error for the Court to admit the defendant's statements into evidence. Taking the statement aside, there was more than sufficient evidence introduced at trial to support the jury's verdict on the conspiracy count, including the fact that the defendant accompanied Tejada to the drug deal, the defendant's actions on the scene, the cellular phones, the cellular phone records, the recordings, and the ledgers. See United States v. Ortiz, 966 F.2d 707, 712-14 (1st Cir. 1992). The location and position of the firearm relative to the defendant, and the nature of the drug deal,[3] corroborates the defendant's admissions and

[3] See, e.g., United States v. Thongsophaporn, 503 F.3d 51, 58 (1st Cir. 2007) (in deciding whether an enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) was appropriate, the First Circuit recognized that when the drug deal involves a large amount of

supports the 924(c) count. See United States v. Robinson, 473 F.3d 387, 399-00 (1st Cir. 2007). This is not a case where the evidence "preponderates heavily" against the verdict. Accordingly, there is no basis for ordering a new trial.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny the defendant's motion for a new trial.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/ s / SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02803
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

---

cash, it is reasonably forseeable that a firearm may be involved).

CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2008, a copy of the within "Government's Response to Defendant's Motion for a New Trial" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. George J. West
Attorney at Law
One Turks Head Place, Suite 312
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER

SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj