UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. No. 07-05-02S |
| | ) | |
| | ) | |
| RICARDO MEJIA | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A NEW TRIAL

In his motion, the defendant argues that a Bureau of Alcohol, Tobacco and Firearms trace report generated after conclusion of the trial in this case constitutes newly discovered evidence warranting a new trial. The Court should deny the defendant's motion because the trace report is not favorable to the defendant, it did not exist at the time of trial, and, there is not a reasonable probability that the trace report would result in an acquittal upon a retrial of the case.

FACTS

Defendant Mejia was arrested on December 18, 2006 after he and his co-conspirator attempted to sell two kilograms of cocaine to an individual cooperating with DEA. During his arrest, law enforcement seized a firearm from underneath the driver's seat of the vehicle in which Mejia was stopped. The serial number on that firearm was obliterated. Special Agent Jamie Schiffer of the Bureau of Alcohol, Tobacco, and Firearms (ATF) examined the

firearm and then the firearm was turned over to the Providence Police Department Bureau of Criminal Investigation (BCI) for fingerprinting.

Several days later, SA Schiffer attempted to run a trace report on the firearm without a serial number. Because the serial number of the firearm was obliterated, the trace report could not be completed.

Unbeknownst to SA Schiffer, Providence BCI was able to recover the serial number. Providence BCI checked NCIC[1] to ascertain whether or not the firearm had been stolen, but the firearm had not been reported stolen. The firearm remained in evidence at the Providence Police Department until it was inspected during discovery. It was then returned to the evidence room until trial preparation began.

On January 23, 2008, SA Schiffer test fired the firearm in preparation for trial. While examining the weapon, SA Schiffer noticed that Providence BCI had been able to recover the serial number. That same day, SA Schiffer requested the National Tracing Center complete a trace report of the firearm. On January 28, 2008 the defendant’s trial began and the defendant was convicted on January 31, 2008. The ATF trace report was still not completed at the conclusion of the defendant’s trial.

[1] NCIC is a law enforcement database that, amongst other information, tracks whether a firearm has been reported stolen.

On February 13, 2008, SA Schiffer received the results of the trace report; however, he observed that there was a letter in front of the serial number. Seeing this letter, SA Schiffer believed that the trace results were invalid. Accordingly, he resubmitted the recovered serial number for a trace report. In early March, SA Schiffer contacted the National Tracing Center regarding the trace report. After speaking with personnel at the National Tracing Center, SA Schiffer determined that the February 13, 2008 trace report was correct. On March 11, 2008, he forwarded the trace report to the undersigned Assistant U.S. Attorney, who forwarded the report to defense counsel.

A trace report is an internal ATF document that indicates the manufacturer of a firearm; the make, model and serial number of a firearm; the firearm dealer; the original purchaser of the firearm; and the person from whom it was seized. When an agent submits a request for a trace report, the National Tracing Center contacts the manufacturer and any distributors of the firearm to ascertain the first purchaser who was not a Federal Firearms Licensee. See generally NAACP v. Acusport Corporation, 210 F.R.D. 268, 273-75 (E.D.N.Y. 2002). That is, the trace report is generally closed once the sale of the firearm has been traced from the manufacturer, through any distributors and/or retailers, to the initial customer.

In this case, the trace report indicates that an individual

using the name Donald Villens, 7 Pond Street, Salem, New Hampshire, purchased two firearms on July 6, 2006 from a dealer in New Hampshire. One of the firearms was the handgun seized by law enforcement on December 18, 2006. Because "Donald Villens" purchased two handguns at the same time both firearms are referenced in the trace report, even though only one was involved in this case. The trace report also indicates that the firearm was possessed by Ricardo Mejia, 329 High Street, Lawrence, Massachusetts.

## NEW TRIAL STANDARD

When a defendant contends that he is entitled to a new trial based upon newly discovered evidence, he must establish the following: (1) the newly discovered evidence was unknown or unavailable to him at the time of trial; (2) the failure to bring the evidence forward was not the result of a lack of due diligence on the defendant's part; (3) the evidence is material (as opposed to being cumulative or impeaching); and, (4) had the evidence been introduced at trial, it would "probably result in an acquittal upon a retrial of the case." United States v. Maldonado-Rivera, 489 F.3d 60, 66 (1st Cir. 2007); see United States v. Conley, 249 F.3d 38, 45 (1st Cir. 2001); United States v. Josleyn, 206 F.3d 144, 151 (1st Cir. 2000). If any one of the four requirements is not met, the motion for new trial may be

denied. See United States v. Wright, 625 F.2d 1017, 1019 (1st Cir. 1980).

When a defendant alleges that the newly discovered evidence forming the basis of his motion was suppressed by the government, then he must make the following showing in order to be entitled a new trial: (1) the evidence must be favorable either because it is exculpatory or impeaching; (2) that evidence must have been suppressed by the government, either willfully or inadvertently; and, (3) the defendant must have suffered prejudice as a result of the evidence's suppression. See United States v. Brown, 510 F.3d 57, 71 (1st Cir. 2007). This standard is less demanding that the Rule 33 standard for a new trial. Under the Rule 33 standard, 'the evidence must create an actual probability that an acquittal would have resulted if the evidence had been available,'" while under the Brady standard, the evidence must be "material." Joselyn, 206 F.3d at 151. Evidence is material when there exists a "reasonable probability of a different result" had the evidence not been suppressed. Strickler v. Greene, 527 U.S. 263, 291 (1999). Because there is a "less onerous" burden placed upon defendants under the Brady standard, "defendants have an incentive to 'try to shoehorn as much of the new evidence into the Brady category as possible.'" Maldonado-Rivera, 489 F.3d at 66 (quoting Josleyn, 206 F.3d at 152).

THE TRACE REPORT IS NOT BRADY MATERIAL

Although the defendant attempts to anchor his case upon a Brady violation, the facts do not support his position. First, the trace report was not favorable to the defendant. See United States v. Brown, 289 F.3d 989, 994-95 (7th Cir. 2002) (concluding that a trace report was not favorable to the defendant when there was no evidence that the purchaser of the gun had any connection to the case). In the case at hand, the government never claimed that the defendant was the owner of the firearm, or even the original purchaser. In fact, the government's position was just the opposite. The evidence introduced by the government, including the defendant's behavior at McDonald's, the position of the firearm, and the defendant's confession, all established that the defendant took possession of the firearm minutes before it was seized by law enforcement. The government's theory of the case, supported by the evidence introduced, was that the co-defendant, who was known to use at least one alias, handed Defendant Mejia the firearm in the McDonald's immediately prior to the narcotics transaction. In light of this and the lack of any evidence connecting a "Donald Villens" to the case, the defendant is hard-pressed to argue that the trace report is favorable to him.

Furthermore, the defendant cannot establish that the trace report was suppressed by the government, either willfully or

inadvertently. As explained above, the trace report did not exist at the time of the defendant's trial, nor was the information contained therein within the government's possession at the time of trial. At that time, this information was possessed by the manufacturer and distributor of the firearm. To the extent the defendant suggests that the government was required to disclose the trace report before it was in the government's possession, that is incorrect. See United States v. Bender, 304 F.3d 161, 164 (1st Cir. 2002) ("Neither the relevant Supreme Court precedent under Brady nor our decision in Osorio required a prosecutor to seek out and disclose exculpatory or impeaching material not in the government's possession"); accord Maldonado-Rivera, 489 F.3d at 67; United States v. Amaya-Manzanares, 377 F.3d 39, 42-43 (1st Cir. 2004) (Rule 16(a)(1)(E) does not apply to a document until it is created). Moreover, even if the trace report had been completed by the National Tracing Center prior to the defendant's trial, the prosecutor's duty to disclose "does not extend to information possessed by government agents not working with the prosecution." United States v. Hall, 434 F.3d 42, 55 (1st Cir. 2006).

THE TRACE REPORT IS NOT MATERIAL

If the Court were to assume that the trace report existed prior to trial and that it was favorable to the defendant, it is nonetheless highly unlikely that the verdict would have been any

different had the trace report been in evidence. See Brown, 510 F.3d at 71 (the discovery of cell phone records that may have further impeached the informant did not warrant a new trial). When possession, not ownership is the issue, it is not reasonably probable that the trace report would change the outcome of the trial. See United States v. Gillaum, 372 F.3d 848, 858 (7th Cir. 2004) (determining that a trace report which corroborated the defendant's statements regarding the ownership of the gun was not material); United States v. Carman, 314 F.3d 321, 324 (8th Cir. 2002) (concluding that the failure to disclose surveillance logs which indicated that other persons had access to the defendant's apartment, was not material to the defendant's claim that someone else owned the firearm that was found in his apartment); Brown, 289 F.3d at 994.

In Gillaum, 372 F.3d at 852, the defendant, who was charged with being a felon in possession of a firearm, testified that the firearm belonged to someone named Stinson. His testimony was corroborated by the testimony of his family members. See id. During sentencing, the trace report was disclosed. See id. at 853. It indicated that the original purchaser of the firearm in question had reported it stolen, and in a separate police report, the original purchaser claimed that Stinson committed the burglary. See id. Despite this, the Seventh Circuit determined that the trace report was not material and that there was not a

reasonable probability that the report would have changed the outcome of the trial. See id. at 859. The court stated, "the history of the gun prior to entering [the defendant's] apartment is immaterial. Put differently, a jury could have considered the BATF report, found it persuasive, and still reached the same decision." Id.

The argument presented by the defendant in this case is significantly weaker than the argument rejected by the Gillaum court. It is not ownership of the firearm which is the gravamen of the offense, it is possession. What is significant is the location and possession of the firearm by Defendant Mejia during the cocaine deal. It should be noted that the trace report only establishes the original purchaser and does not indicate who owned the firearm at the time of the offense, let alone who possessed it. The raised serial number virtually confirms that Defendant Mejia was not the original purchaser of the firearm, and all evidence introduced by the government at trial suggested that the defendant was not the owner of the firearm. Thus, the fact established by the trace report, namely the original purchaser of the handgun, was not in dispute and was of no significance.

Defendant Mejia attempts to distinguish Gillaum by pointing out that the defendant is charged with possessing the firearm in furtherance of drug trafficking instead of simply possessing the

firearm. However, that is a distinction without a difference. The relation of the firearm to drug trafficking depends upon the context in which it was possessed, not the identity of the original purchaser of the firearm. Given the facts of this case, if the jury were to conclude that Defendant Mejia possessed the firearm, either actually or constructively, it almost certainly follows that they would conclude he possessed the firearm in relation to drug trafficking. In fact, the defendant never even argued that the firearm was present during the cocaine deal for any other reason.

The defendant also attempts to distinguish Gillaum by pointing out that the firearm was not seized from the defendant's residence, but instead seized from a vehicle in which he was stopped. Again, while the trace report may further support any claim that the defendant was not the original firearm purchaser, it does nothing to alter the undisputed fact that the firearm was found within arm's reach of the defendant. See Carman, 314 F.3d at 325.

Likewise, the trace report does not support any indication that any informant involved in this matter originally purchased the firearm. The defendant tries to argue that the report would have provided a basis for him to investigate such a theory. The defendant in Brown posed the same rationale for a new trial based upon a post-trial discovery of a trace report. See Brown, 289

F.3d at 994. The Seventh Circuit easily disposed of the argument, noting that it was "far too speculative a showing of materiality to support reversal." Id. "Evidence is not considered 'favorable to the accused' if that evidence standing alone 'could not have affirmatively helped the defendant.'" Id.

The defendant cites to Government of the Virgin Islands v. Fahie, 304 F.Supp.2d 669 (D.Virgin Islands 2004) in support of his motion. In Fahie, 304 F.Supp.2d at 672, the government disclosed a trace report mid-trial, and the Territorial Court dismissed the case. The District Court determined that the failure to disclose the trace report until mid-trial was a Brady violation and that the case should be remanded to the Territorial Court for a new trial. Id. at 678.

Fahie differs from the instant case in several respects. First, the trace report in Fahie existed at the time of trial. Second, the government in Fahie never alleged actual possession of the firearm. Third, Defendant Fahie adamantly denied that the firearm was his. In this case, the defendant confessed that he received the firearm minutes before his arrest from his co-defendant. The government offered evidence of this confession, which the jury obviously accepted, along with evidence regarding the defendant's behavior and the location of the firearm. Thus, unlike Fahie, the government alleged both actual and constructive

possession of the firearm by Defendant Mejia, and it offered both direct and circumstantial evidence in support of its theory.

In sum, the trace report at issue, which was generated after trial and disclosed to defense upon receipt by the prosecutor, is of marginal relevance as it does not impact upon the jury's assessment of possession. Accordingly, the trace report does not provide a basis for a new trial. See Maldonado-Rivera, 489 F.3d at 70.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny the defendant's motion for a new trial.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/ s / SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02803
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2008, a copy of the within "Government's Response to Defendant's Motion for a New Trial" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. George J. West
Attorney at Law
One Turks Head Place, Suite 312
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj